1  **Yee-Horn Shuai, Esq.**
   **SHUAI & ASSOCIATES**
2  301 E. Colorado Blvd., Suite 514
   Pasadena, California 91101
3  Tel. (626) 405-0348
   Fax (626) 405-0890
4  Bar No. 104897
   E-mail: yhshuai@gmail.com

5  Attorney for John Tam, Jamie Yang,
6  and Corey Fong

7  
                 UNITED STATES DISTRICT COURT
8
              NORTHERN DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| 10 ACTIVISION PUBLISHING, INC., a<br>Delaware corporation, | ) Case No. C 07-03536 MEJ |
| 11 | ) |
| Plaintiff, | ) |
| 12 | ) NOTICE OF MOTION AND MOTION FOR |
| vs. | ) ORDER DETERMINING GOOD FAITH |
| 13 | ) SETTLEMENT BETWEEN PLAINTIFF |
| JOHN TAM, an individual, JAMIE YANG, an | ) AND DEFENDANTS, JOHN TAM, |
| 14 individual, COREY FONG, an individual,<br>DOUG KENNEDY, an individual, HONG YIP | ) COREY FONG AND JAMIE YANG AND<br>) BARRING OF FUTURE CLAIMS |
| 15 LOW, an individual, RAYMOND YOW, an<br>individual, REVERB COMMUNICATIONS, | ) AGAINST SETTLING PARTIES;<br>) MEMORANDUM OF POINTS AND |
| 16 INC., a California corporation, and THE ANT<br>COMMANDOS, INC., a California | ) AUTHORITIES<br>) |
| 17 corporation, | ) Date:  August 30, 2007 |
| | ) Time:  10:00 AM |
| 18 Defendants. | ) Place:  Courtroom B, 15th Floor<br>) |

19

20                            CONFIDENTIAL

21  CONTAINS MATERIALS DESIGNATED BY ACTIVISION AS CONFIDENTIAL SUBJECT

22  TO A PROTECTIVE ORDER ENTERED IN THIS ACTION.  IT IS NOT TO BE OPENED

23     NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC,

24                 EXCEPT BY ORDER OF THE COURT.

25  ////

26  ////

27  ////

28

1     TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

2     PLEASE TAKE NOTICE that on August 30, 2007 at 10:00 AM, or as soon thereafter as

3   the matter may be heard, at the courtroom of Judge Maria Elena James, located at 450 Golden

4   Gate Ave., 15th floor, San Francisco, CA 94102, Defendants John Tam, Jamie Yang, and Corey

5   Fong, (collectively "The Tam Defendants"), through their attorneys of record, will move the court

6   pursuant to sections 877 and 877.6 of the Code of Civil Procedure for an order determining that

7   the settlement entered into between The Tam Defendants and Plaintiff Activision Publishing, Inc.

8   is in good faith and further, for an order barring all joint co-tortfeasors from bringing any further

9   or future claims against each party to this action for indemnity and contribution. This motion will

10   be made and based upon the grounds that the parties have entered into and consummated a

11   settlement in good faith, and that the settlement bars any and all further and future claims by any

12   joint tortfeasors or co-obligors for indemnity or equitable comparative contribution, or partial or

13   comparative indemnity and fault against the settling parties pursuant to Code of Civil Procedure '

14   877.6(c).

15     This motion will be made and based upon this Notice of Motion, the attached

16   Memorandum of Points and Authorities, the Declarations of Richard F. Cauley and Yee-Horn

17   Shuai, and such other and further oral and documentary evidence as may be presented at the

18   hearing of the motion.

19     A courtesy copy of all of this notice and these pleadings will be delivered to the Court's

20   Chambers.

21     Dated: July 16, 2007                    SHUAI & ASSOCIATES

22

23

24                                            Yee-Horn Shuai, Attorney for Defendants John Tam,
                                             Jamie Yang, and Corey Fong

25

26

27

28

1              MEMORANDUM OF POINTS AND AUTHORITIES

2                                    I

3                          STATEMENT OF FACTS

4          The above-entitled action arose out of alleged claims made by Plaintiff Activision

5    Publishing, Inc. ("Activision") against former employees and defendants John Tam, Corey Fong

6    and Jamie Yang (collectively "The Tam Defendants"), The Ant Commandos, Inc., Hong Lip Yow

7    and Raymond Yow, (collectively "The TAC Defendants"), and Reverb Communications, Inc.

8    And Doug Kennedy, (collectively "The Reverb Defendants"). Activision claimed that The Tam

9    Defendants were working with Activision's competitor Defendant The Ant Commandos, Inc.

10   ("TAC") and TAC's respective directors during their employment and allegedly misappropriated

11   Activision's trade secret information.

12         On or about February 6 and 7, 2007, the depositions of John Tam and Corey Fong took

13   place pursuant to the court's order permitting limited expedited discovery. After the deposition of

14   Mr. Fong, the attorneys and the parties for Activision and The Tam Defendants sat down face-to-

15   face to work out reasonable settlement terms. At the end of those discussions, the parties agreed

16   in principal as to settlement of the matter against defendants John Tam and Corey Fong.

17   Approximately, 3 weeks later the parties agreed to settle the matter as to Jamie Yang as well.

18         On or about March 27, 2007, Activision and defendants John Tam and Corey Fong

19   executed the Confidential Settlement Agreement in this matter, and entered into a Consent

20   Judgment and Permanent Injunction. On or about April 11, 2007, Activision and Jamie Yang

21   executed the Confidential Settlement Agreement in this matter, and entered into a Consent

22   Judgment and Permanent Injunction.

23         Whatever the perceived strength of Activision's claims for liability against the Tam

24   Defendants, Activision never produced any evidence, either formally or informally, that the

25   company had suffered any compensable damages as a result of the actions of any of the

26   defendants, including the Tam Defendants.

27         From the information received as of the time of the settlements between Plaintiff and the

28   Tam defendants, there was no indication that Activision had suffered any compensable injury.

1    The settlement agreed to between the parties was not entered into with the intent to
2  tortiously injure any of the other parties involved in this lawsuit. Each of The Tam Defendants'
3  settlement consisted of signing a settlement agreement, with a payment of $17,500 apiece and
4  signing a consent order, with an injunction against not only using Activision's trade secrets, but
5  also agreeing to additional restrictions on their employment unconnected to any use of any
6  Activision intellectual property.

7    Few months thereafter and after much more extensive wrangling and discoveries, The
8  ACT Defendants also settled with the Activision on June 7, 2007. Pursuant to said ACT
9  Defendants' Motion for Order for Determination of Good Faith Settlement, they and their counsel
10  all claim the settlement amount to be fair and in rough approximation of Activsion's total
11  recovery and the TAC Defendants' proportionate liability.

12    The Reverb Defendants have repeatedly stated to the Tam Defendants that they do not
13  intend to oppose the Tam Defendants' Motion for Good Faith Settlement Determination.

14                                          II

15              THIS COURT HAS AUTHORITY TO AND SHOULD MAKE A

16                  DETERMINATION THAT THE SETTLEMENT WAS MADE IN

17                      GOOD FAITH UNDER C.C.P. SECTION 877.6

18    Code of Civil Procedure § 877.6 allows a settling alleged tortfeasor to request that the
19  court grant a motion for good faith settlement, which has the force and effect of barring other
20  alleged joint tortfeasors from any further claims against the settling tortfeasor for claims of partial
21  or total comparative contribution for indemnity based upon comparative negligence or
22  comparative fault principles.

23    In *Tech-Bilt, Inc. v. Woodward-Clyde & Associates*, 38 Cal. 3d 488, 499 (1985), the court
24  concluded that a trial court may inquire as to whether the amount of the settlement is within a
25  reasonable "ballpark" range of the settling tortfeasor's proportional share of comparative liability
26  for the alleged damages. This assessment is to be made based on the facts available at the time of
27  settlement. The court outlined factors to be assessed in making the good faith determination as
28  follows:

1                The intent and policies underlying § 877.5 require that a number of

2                factors be taken into account, including a rough approximation of

3                the plaintiff's total recovery and the settlor's proportionate liability,

4                the amount paid in settlement, the allocation of settlement proceeds

5                among plaintiffs, and a recognition that a settlor should pay less in

6                settlement than he would if he were found to have liability at trial.

7                Other relevant considerations include the financial condition and

8                insurance policy limits of the settling defendants as well as the

9                existence of collusion, fraud, or tortious conduct aimed to injure the

10              interest of non-settling defendants.  Finally, practical considerations

11              obviously required that the evaluation be made on the basis of

12              information available at the time of settlement.

13              Id. at 499.

14     In the instant case, the facts clearly reflect that the settlement by the parties is in good faith

15 and consistent with the considerations outlined in the *Tech-Bilt* decision.

16     The parties participated in numerous settlement discussions.  As a result of those efforts, a

17 settlement with Plaintiff and The Tam Defendants was reached.  Due to the confidentiality of the

18 settlement agreement, Tam Defendants can only disclose the settlement amounts under seal.  (See

19 Declaration of Yee-Horn Shuai under seal.)

20     Furthermore, there is no evidence that this settlement was the result of collusion, fraud or

21 tortious conduct against the non-settling defendants/cross-defendants.  There is no evidence that

22 the agreement was based on anything other than an arms-length negotiation following

23 investigation by all parties concerned.

24     Finally, it is presumed that the settlement was made in good faith and it is the burden of

25 the party opposing the motion to present evidence to the effect that this settlement was not made

26 in good faith.  Id. at 499.

27     Further, Code of Civil Procedure §§ 877 and 877.6(c) applies to those defendants who act

28 in concert to cause an injury, and include joint and concurrent and successive tortfeasors.  In

1  *Turcon Construction, Inc. v. Norto-Valliers, Ltd.*, 139 Cal. App. 3d 280, 282 (1983) the court
2  stated:

3              The clear policy of § 877.6(c) is to encourage settlement by

4              providing finality to litigation for the settling tortfeasor.  This policy

5              applies with equal force to all tortfeasors joined in the single action

6              regardless of whether their acts are successive or contemporaneous.

7                                            III

8              A DETERMINATION OF GOOD FAITH SETTLEMENT UNDER

9              C.C.P. § 877.6 BARS ALL CLAIMS FOR CONTRIBUTION OR

10             INDEMNITY ALLEGED BY JOINT CO-TORTFEASORS

11     Further, Code of Civil Procedure §§ 877 and 877.6(c) applies to those defendants who act
12  in concert to cause an injury, and include joint and concurrent and successive tortfeasors.  In
13  *Turcon Construction, Inc. v. Norto-Valliers, Ltd.*, 139 Cal. App. 3d 280, 282 (1983) the court
14  stated:

15     The clear policy of section 877.6(c) is to encourage settlement by providing finality to
16  litigation for the settling tortfeasor.  This policy applies with equal force to all tortfeasors joined in
17  the single action regardless of whether their acts are successive or contemporaneous.

18     In the present case, The Tam Defendants are individuals and former employees of
19  Activision.  They did not have any insurance coverage and limited means.  Due to their inability
20  to afford any protracted litigation, The Tam Defendants quickly settled with Activition.  Each of
21  The Tam Defendants' settlement consisted of a payment of $17,500 apiece, and signing a consent
22  order, with an injunction against not only using Activision's trade secrets, but also agreeing to
23  additional restrictions on their employment unconnected to any use of any Activision intellectual
24  property.

25     After several more months of wrangling and discoveries, The ACT Defendants also settled
26  with Activision for an amount that should be kept confidential.  Nevertheless, in the Motion for
27  Order for Determination of Good Faith Settlement, the ACT Defendants do go through and
28  analyze each and every one of the factors for a good faith settlement determination, and claim the

1 settlement amount to be fair and in rough approximation of Activsion's total recovery and the

2 TAC Defendants' proportionate liability.

3      As the result, there is no doubt that the settlement agreements between Activision and the

4 Tam Defendants were clearly entered in good faith, and any party asserting lack of good faith shall

5 have the burden of proof on that issue.

6                                      IV

7                                  CONCLUSION

8      Plaintiff and The Tam Defendants have agreed to settle this action for complete resolution

9 of any and all outstanding issues. There is no evidence of any collusion or other tortious or

10 injurious conduct on behalf of any settling parties.

11      This settlement clearly conforms with the factors set forth in *Tech-Bilt*. The payments are

12 clearly within their proportionate share of liability based on the facts known at the time of

13 settlement. There is no evidence of collusion or fraud. Rather, this settlement is the result of

14 ongoing discussions between all parties in this action.

15      Based on the foregoing, it is respectfully requested that the court order:

16      a)      That the proposed settlement between the parties is in good faith pursuant to Code

17 of Civil Procedure § 877.6; and

18      b)      That all future claims against each named party to this action for equitable

19 comparative contribution or partial comparative indemnity, based on comparative negligence or

20 comparative fault (including claims for implied contractual indemnity), be dismissed and are

21 forever barred.

22      Dated: July 16, 2007              SHUAI & ASSOCIATES

23

24

25                                       Yee-Horn Shuai, Attorney for Defendants John Tam,
                                         Jamie Yang, and Corey Fong
26

27

28

1 | **Yee-Horn Shuai, Esq.**
**SHUAI & ASSOCIATES**
2 | 301 E. Colorado Blvd., Suite 514
Pasadena, California 91101
3 | Tel. (626) 405-0348
Fax (626) 405-0890
4 | Bar No. 104897
E-mail: yhshuai@gmail.com
5 |
Attorney for John Tam, Jamie Yang,
6 | and Corey Fong

7 |

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10 ⎪ ACTIVISION PUBLISHING, INC., a<br>Delaware corporation, | ) <br>) Case No. C 07-03536 MEJ |
| 11 | ) |
| 12 ⎪ Plaintiff, | ) DECLARATION OF RICHARD F. CAULEY<br>) IN SUPPORT OF MOTION FOR ORDER |
| ⎪ vs. | ) DETERMINING GOOD FAITH |
| 13 | ) SETTLEMENT BETWEEN PLAINTIFF |
| ⎪ JOHN TAM, an individual, JAMIE YANG, an | ) AND DEFENDANTS, JOHN TAM, COREY |
| 14 ⎪ individual, COREY FONG, an individual,<br>DOUG KENNEDY, an individual, HONG YIP | ) FONG AND JAMIE YANG AND BARRING<br>) OF FUTURE CLAIMS AGAINST |
| 15 ⎪ LOW, an individual, RAYMOND YOW, an<br>individual, REVERB COMMUNICATIONS, | ) SETTLING PARTIES<br>) |
| 16 ⎪ INC., a California corporation, and THE ANT<br>COMMANDOS, INC., a California | ) Date:  August 30, 2007<br>) Time:  10:00 AM |
| 17 ⎪ corporation, | ) Place:  Courtroom B, 15ᵗʰ Floor |
| 18 ⎪ Defendants. | ) |
| 19 | ) |

20 | CONFIDENTIAL

21 | CONTAINS MATERIALS DESIGNATED BY ACTIVISION AS CONFIDENTIAL SUBJECT

22 | TO A PROTECTIVE ORDER ENTERED IN THIS ACTION. IT IS NOT TO BE OPENED

23 | NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC,

24 | EXCEPT BY ORDER OF THE COURT.

25 |

26 |

27 |

28 |

1      I, Richard F. Cauley, declare as follows:

2      1.      I am an attorney at law duly licensed to practice before all courts of the State of

3    California and am a shareholder in the law firm of Wang, Hartmann & Gibbs, PC, former

4    attorneys of record for Defendants John Tam, Corey Fong and Jamie Yang, (collectively "The

5    Tam Defendants"), in the above-entitled actions. I participated in the settlement negotiations

6    between Plaintiff and The Tam Defendants. As such, I have personal knowledge of the facts

7    stated herein and if called upon as a witness, I could and would competently testify to the below

8    facts which are personally known to me.

9      2.      The above-entitled action consisted essentially of claims for trade secret

10    misappropriation and breach of contract brought by Plaintiff against its former employees The

11    Tam Defendants.

12      3.      To avoid further litigation costs, the Plaintiff and The Tam Defendants agreed to a

13    settlement of this matter; the settlements reached were negotiated and reached in good faith and

14    were not the result of collusion, subterfuge or fraud.. Whatever the perceived strength of

15    Activision's claims for liability against the Tam Defendants, Activision never produced any

16    evidence, either formally or informally, that the company had suffered any compensable damages

17    as a result of the actions of any of the defendants, including the Tam Defendants. This was not

18    surprising, in light of the fact that, by the time the defendants agreed to the injunctive relief

19    sought by Activision which stopped their allegedly infringing activities, the defendants had done

20    nothing to advance the alleged "plot" to compete against Activision other than conduct a couple

21    of meetings and pick a name for their prospective new company. From the information I

22    received as of the time of the settlements between Plaintiff and the Tam defendants, there was no

23    indication that Activision had suffered any compensable injury. The settlement agreed to

24    between the parties was not entered into with the intent to tortiously injure any of the other

25    parties involved in this lawsuit. Each of The Tam Defendants' settlement consisted of signing a

26    settlement agreement, with a payment of $17,500 apiece and signing a consent order, with an

27    injunction against not only using Activision's trade secrets, but also agreeing to additional

28    restrictions on their employment unconnected to any use of any Activision intellectual property.

YHS/fs//107001 Mtn Good Faith Stmt Determination 01, Cauley Decl-2.wpd                                    2

DECLARATION OF RICHARD F. CAULEY IN SUPPORT OF DEFENDANTS JOHN TAM, COREY FONG
AND JAMIE YANG'S MOTION FOR ORDER DETERMINING GOOD FAITH SETTLEMENT

1    Copies of these settlement agreements and consent orders are annexed hereto as Exhibits A

2    through F.

3        4.        Given the relatively large cash payment by these defendants ($52,500 all

4    together), the restrictions on their future employment (over and above any agreement not to use

5    Activision intellectual property) and the minimal actual damages incurred by Activision, it is

6    clear that the settlement of the Tam Defendants far exceeds their proportional liability to

7    Activision.

8        I declare under penalty of perjury under the laws of the State of California that the

9    foregoing is true and correct. Executed on July 6, 2007 at Newport Beach , California.

10

11

12                                                    Richard F. Cauley

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

YHS/fs//107001 Mtn Good Faith Stmt Determination 01, Cauley Decl-2.wpd                    3

DECLARATION OF RICHARD F. CAULEY IN SUPPORT OF DEFENDANTS JOHN TAM, COREY FONG
AND JAMIE YANG'S MOTION FOR ORDER DETERMINING GOOD FAITH SETTLEMENT

EXHIBIT A

## CONFIDENTIAL SETTLEMENT AGREEMENT

WHEREAS, this Agreement is effective as of February 13, 2007 ("Effective Date") between Activision Publishing, Inc. ("Activision"), on the one hand, and John Tam and Corey Fong, on the other.

WHEREAS, in Case No. CV 07-00464 CAS (Ex) (the "Action"), plaintiff Activision alleges claims against John Tam, Jamie Yang, Corey Fong, Doug Kennedy, Hong Lip Yow, Raymond Yow, Reverb Communications, Inc., and The Ant Commandos, Inc. (collectively, "Defendants") for: 1) Copyright Infringement, 2) Lanham Act Violation, 3) Violation Of Computer Fraud And Abuse Act, 4) Violation Of California Penal Code § 502, 5) Misappropriation Of Trade Secrets, 6) Misappropriation Of Confidential Information 7) Breach Of Contract, 8) Breach Of Fiduciary Duty And Duty Of Loyalty, 9) Interference With Contractual Relations, 10) Interference With Prospective Economic Advantage, 11) Statutory Unfair Competition,  12) Common-Law Unfair Competition, And 13) Conversion;

WHEREAS, to avoid the expense and inconvenience of further litigation and legal proceedings and to fully and finally settle all disputes and controversies between them relating to this Action, Activision, Fong and Tam have agreed to settle this Action and all claims arising out of or related to this Action in accordance with the terms set forth herein.

NOW THEREFORE, in consideration of the mutual covenants herein and other good and valuable consideration, the receipt of which is hereby acknowledged, Activision, Fong and Tam agree as follows:

1.     Activision, Fong and Tam have authorized their counsel to execute and file a Consent Judgment and Permanent Injunction in the form attached hereto as Exhibit A. The terms and admissions set forth in the Consent Judgment and Permanent Injunction are expressly incorporated in this Agreement by reference as

- 1 -

if fully set forth herein. As to Tam only, paragraph 10 of the Permanent Injunction shall not be construed to enjoin Tam from future employment with a company that has a then-existing and active relationship with any of the entities set forth in Confidential Appendix B provided that such relationship was not created by Tam and predates Tam's employment with that company. Notwithstanding this, Tam shall still be bound by all other terms of the Permanent Injunction with respect to such employment.

2.    Fong and Tam shall each pay Activision the amount of seventeen thousand five hundred dollars ($17,500). Payment shall be made to Activision Publishing, Inc., Attn. General Counsel, 3100 Ocean Park Blvd., Santa Monica, CA 90405. Payments shall be made in the following installments:

    a)    $1000 within 30 days of execution of the final settlement agreement.

    b)    $4,833 on or before December 31, 2007.

    c)    For 2008 and 2009, equal quarterly installments of $1458.33, with payments to be made on or before March 31, June 30, September 30, and December 31 of those years.

3.    Fong and Tam acknowledge that the damages caused to Activision are much greater than this sum and in excess of at least $750,000 but Fong and Tam represent that they are unable to pay the amount of damages due Activision and can pay only $17,500 over three years because any greater amount would cause Fong and Tam to suffer a significant financial hardship. In addition to all other remedies in law or equity that are available to Activision, in the event Fong and/or Tam breach this settlement agreement, Activision may seek against the breaching party the damages and other remedies it is currently seeking in this Action.

4.    Fong and Tam will fully and willingly cooperate with Activision in the investigation and litigation of this matter, including answering questions,

LAI-2845054v1

submitting to an interview and/or deposition and appearing as a witness in a trial if called by Activision to do so.

5.     Subject to compliance with the terms of this Agreement and the issuance of the Consent Judgment and Permanent Injunction, Activision hereby releases Fong and Tam from any and all claims, demands, losses, costs, damages, and causes of action, known and unknown, which Activision may now hold or own, or has at any time heretofore held or owned, arising out of or in connection with the Action or arising out of or in any way relating to Fong's and Tam's employment with, or separation from, Activision.  This release specifically includes, but is not limited to, the claims asserted in the Action; any claims for fraud; breach of contract; breach of implied covenant of good faith and fair dealing; inducement of breach; interference with contract; wrongful or unlawful discharge or demotion; violation of public policy; assault and battery (sexual or otherwise); invasion of privacy; intentional or negligent infliction of emotional distress; intentional or negligent misrepresentation; conspiracy; failure to pay wages, overtime, bonuses, benefits, vacation pay, severance pay, attorneys' fees, or other compensation of any sort; retaliation, discrimination or harassment on the basis of race, color, sex, gender, national origin, ancestry, religion, disability, handicap, medical condition, marital status, sexual orientation or any other protected category; any claim under Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act, the California Fair Employment and Housing Act, the Family and Medical Leave Act, the California Family Rights Act, the California Labor Code (including but not limited to Section 132a), or Section 1981 of Title 42 of the United States Code; violation of COBRA; violation of any safety and health laws, statutes or regulations; violation of ERISA; violation of the Internal Revenue Code; or any other wrongful conduct, based upon events occurring prior to the Effective Date of this Agreement.

It is expressly recognized and acknowledged that this release does not extend to any Third Party, including but not limited to Jamie Yang, The Ant Commandos, Raymond Yow, Hong Lip Yow, Reverb Communications, Inc. and Doug Kennedy, and that this release does not constitute any form of license.

      6.     Fong and Tam hereby release Activision, its parents, subsidiaries and affiliates and their officers, directors, shareholders, successors, trustees, assigns, attorneys, and agents from any and all claims, demands, losses, costs, damages, and causes of action, known and unknown, which Fong and Tam may now hold or own, or have at any time heretofore held or owned, arising out of or in connection with the Action or arising out of or in any way relating to Fong's and Tam's employment with, or separation from, Activision. This release specifically includes, but is not limited to, the claims asserted in this Action; any claims for fraud; breach of contract; breach of implied covenant of good faith and fair dealing; inducement of breach; interference with contract; wrongful or unlawful discharge or demotion; violation of public policy; assault and battery (sexual or otherwise); invasion of privacy; intentional or negligent infliction of emotional distress; intentional or negligent misrepresentation; conspiracy; failure to pay wages, overtime, bonuses, benefits, vacation pay, severance pay, attorneys' fees, or other compensation of any sort; retaliation, discrimination or harassment on the basis of race, color, sex, gender, national origin, ancestry, religion, disability, handicap, medical condition, marital status, sexual orientation or any other protected category; any claim under Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act, the California Fair Employment and Housing Act, the Family and Medical Leave Act, the California Family Rights Act, the California Labor Code (including but not limited to Section 132a), or Section 1981 of Title 42 of the United States Code; violation of COBRA; violation of any safety and health laws, statutes or regulations; violation of ERISA; violation

- 4 -

of the Internal Revenue Code; or any other wrongful conduct, based upon events occurring prior to the Effective Date of this Agreement.

7.      The parties acknowledge that they have been advised by their respective legal counsel and are familiar with the provisions of the California Civil Code Section 1542, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the Release, which, if known by him must have materially affected his settlement with the debtor.

The parties, being aware of said code section, all hereby expressly waive any rights thereunder, as well as under any other statutes or common law principals of similar effect.

8.      The undersigned, and each of them, hereby warrant, represent, and agree that they and each of them are the sole and lawful owner of all right, title and interest in and to every claim and every matter which they purport to release hereby, and that they have not heretofore assigned or transferred, or purported to assign or transfer to any person or entity any claims or other matters herein released. The releasing party shall indemnify the released party against, and defend and hold it/him harmless from any claims arising out of or relating to such assignment or transfer, or for any such purported or attempted assignment or transfer, of any claims or other matters released herein.

9.      Each party hereto acknowledges that no other party or any agent or attorney of any other party, or any other person, firm, corporation, or any other entity has made any promise, representation of law or fact, or warranty whatsoever, express, implied, or statutory, not contained herein, concerning the subject matter hereof, to induce the execution of this instrument, and each signatory hereby

- 5 -

acknowledges that he, she, or it has not executed this instrument in reliance on any promise, representation, or warranty not contained herein.

10.     This Agreement shall be binding upon and inure to the benefit of the parties hereto and each and all of their representatives, officers, directors, affiliates, partners, successors, assigns, employees and agents, if any.

11.     The waiver of any breach of this Agreement by any party shall not be a waiver of any other breach of this Agreement.

12.     This agreement has been executed by the parties hereto in California, and shall be governed by and construed in accordance with the internal laws (and not laws pertaining to conflicts or choice of law) of the State of California in all respects, including matters of validity, construction and performance of this Agreement. All parties consent to the exercise of personal jurisdiction over them in California and agree that any lawsuit arising out of or relating to this Agreement shall be brought exclusively in a court of competent subject matter jurisdiction located within the County of Los Angeles, State of California.  In the event that any party to this Agreement attempts to set aside or to enforce this Agreement, or brings any action for a breach, the prevailing party shall be entitled to its reasonable attorneys' fees and expenses.  The parties to this Agreement shall each bear their own respective attorneys' fees and costs up to the signing of this Agreement.

13.     This Agreement shall be construed without regard to the party or parties responsible for preparation of the same and shall be deemed as prepared jointly by the parties hereto.

14.     All items and notices required by the terms of this Agreement and/or the Consent Judgment and Permanent Injunction shall be sent as follows:

      A. To Activision: Activision Publishing, Inc., Attn. General Counsel, 3100 Ocean Park Blvd., Santa Monica, CA 90405, with a copy to

- 6 -

Michael A. Tomasulo, Jones Day, 555 S. Flower Street, Fiftieth
Floor, Los Angeles, CA, 90071.

B. To Tam and Fong: Richard F. Cauley, Esq., WANG HARTMANN &
GIBBS PC, 1301 Dove Street, Suite 1050, Newport Beach, California
92660.

15.     This Agreement constitutes the entire Agreement of the parties and
supersedes all prior or extemporaneous agreements, discussions or representations,
oral or written, with respect to the subject matter hereof. Each of the parties hereto
states that it has read each of the paragraphs of this Agreement and that it is freely
and voluntarily entering into this Agreement and that it understands the same and
understands the legal obligations thereby created.

16.     Each party executing this Agreement represents and warrants that
it/he/she has full authority and power to do so and all necessary resolutions and
authorizations have been obtained.

17.     If any provision of this Agreement is held to be invalid or
unenforceable for any reason, it shall, to the extent possible, be adjusted rather than
voided in order to achieve the intent of the parties. The invalidity or
unenforceability of any provision of this Agreement shall not adversely affect the
validity or enforceability of any of the remainder of this Agreement.

18.     Each party acknowledges that it has had an opportunity to review this
Agreement and the legal implications of it with its own counsel.

19.     The parties agree that the terms of this Agreement, with the exception
of the Consent Judgment and Permanent Injunction, are confidential and that the
parties to this Agreement, their agents, employees, servants and persons acting in
concert with any party shall not cause or suffer the disclosure of the terms of this
Agreement to any third party including Defendants Jamie Yang, Reverb
Communications, Doug Kennedy, The Ant Commandos, Raymond Yow and Hong

- 7 -

Lip Yow, except (a) as reasonably necessary to enforce rights under this
Agreement or the Consent Judgment and Permanent Injunction, (b) as reasonably
necessary by Activision for purposes of disclosure as may be required of it by any
law, statute or regulation, either state or federal, the policies of the U.S. Securities
and Exchange Commission or its stock exchange, (c) where a disclosure is
reasonably required to any tax consultant, attorney, accountant, or other financial
advisor who is consulted by a party to this Agreement regarding the tax
consequences, if any, of any payments made or received under this Agreement,
provided the disclosure is in confidence; and (d) under judicial or governmental
subpoena, demand or requirement, and the party agrees to request provisions of
confidentiality.

LAI-2845054v1

This Agreement shall become binding as of the Effective Date hereof. This Agreement may be executed in counterparts.

IN WITNESS WHEREOF the authorized representatives of the parties have duly executed this Agreement.

| ACTIVISION PUBLISHING, INC.<br>By: _____ | JOHN TAM<br>_____ |
|---|---|
| Dated: _____, 2007 | Dated: _____, 2007 |
| COREY FONG<br>_____ | |
| Dated: _MARCH 27_, 2007 | |

- 1 -

20.    This Agreement shall become binding as of the Effective Date hereof. This Agreement may be executed in counterparts.

IN WITNESS WHEREOF the authorized representatives of the parties have duly executed this Agreement.

| ACTIVISION PUBLISHING, INC.<br>By: _____<br><br>Dated: _____, 2007 | JOHN TAM<br><br>Dated: 3 - 2 7 _____, 2007 |
| COREY FONG<br><br>_____<br><br>Dated: _____, 2007 | |

- 9 -

## CONFIDENTIAL APPENDIX A

- An effects foot pedal that functions with the Guitar Hero™ or Guitar Hero II™ games.
- An adapter, hardware, software or other device or method for making a peripheral device for the Sony PlayStation®2 game console compatible with the Sony PlayStation®3 game console.

LAI-2845054v1

# CONFIDENTIAL APPENDIX B

- Radio Disney
- Buena Vista Games, Inc.
- NickToons/Nickelodean
- High School Musical
- Harmonix Music Systems, Inc.
- MTV Networks
- Aspyr Media, Inc.
- Roxor Games, Inc.
- Chris Danford
- Glen Maynard

# CONFIDENTIAL APPENDIX C

- Honeybee
- Berway Technology LTD
- Mayflash

EXHIBIT B

## CONFIDENTIAL SETTLEMENT AGREEMENT

WHEREAS, this Agreement is effective as of April 10, 2007 ("Effective Date") between Activision Publishing, Inc. ("Activision"), on the one hand, and Jamie Yang, on the other.

WHEREAS, in Case No. CV 07-00464 PA (Ex) (the "Action"), plaintiff Activision alleges claims against John Tam, Jamie Yang, Corey Fong, Doug Kennedy, Hong Lip Yow, Raymond Yow, Reverb Communications, Inc., and The Ant Commandos, Inc. (collectively, "Defendants") for: 1) Copyright Infringement, 2) Lanham Act Violation, 3) Violation Of Computer Fraud And Abuse Act, 4) Violation Of California Penal Code § 502, 5) Misappropriation Of Trade Secrets, 6) Misappropriation Of Confidential Information, 7) Breach Of Contract, 8) Breach Of Fiduciary Duty And Duty Of Loyalty, 9) Interference With Contractual Relations, 10) Interference With Prospective Economic Advantage, 11) Statutory Unfair Competition, 12) Common-Law Unfair Competition, and 13) Conversion;

WHEREAS, to avoid the expense and inconvenience of further litigation and legal proceedings and to fully and finally settle all disputes and controversies between them relating to this Action, Activision and Yang have agreed to settle this Action and all claims arising out of or related to this Action in accordance with the terms set forth herein.

NOW THEREFORE, in consideration of the mutual covenants herein and other good and valuable consideration, the receipt of which is hereby acknowledged, Activision and Yang agree as follows:

1.      Activision and Yang have authorized their counsel to execute and file a Consent Judgment and Permanent Injunction in the form attached hereto as Exhibit A. The terms and admissions set forth in the Consent Judgment and Permanent Injunction are expressly incorporated in this Agreement by reference as if fully set forth herein. The Consent Judgment and Permanent Injunction shall not

- 1 -

be construed to enjoin Yang from future employment with a company that has a then-existing and active relationship with any of Activision's vendors as set forth in Confidential Appendix C provided that such relationship was not created by Yang and predates Yang's employment with that company. Notwithstanding this, Yang shall still be bound by all other terms of the Permanent Injunction with respect to such employment.

2.    Yang shall each pay Activision the amount of seventeen thousand five hundred dollars ($17,500). Payment shall be made to Activision Publishing, Inc., Attn. General Counsel, 3100 Ocean Park Blvd., Santa Monica, CA 90405. Payment in full shall be made on or before June 30, 2007.

3.    Yang acknowledges that the damages caused to Activision are much greater than this sum and in excess of at least $750,000 but Yang represents that she is unable to pay the amount of damages due Activision because any greater amount would cause her to suffer a significant financial hardship. In addition to all other remedies in law or equity that are available to Activision, in the event Yang breaches this settlement agreement, Activision may seek against Yang the damages and other remedies it is currently seeking in this Action.

4.    Yang will fully and willingly cooperate with Activision in the investigation and litigation of this matter, including answering questions, submitting to an interview and/or deposition and appearing as a witness in a trial if called by Activision to do so.

5.    Subject to compliance with the terms of this Agreement and the issuance of the Consent Judgment and Permanent Injunction, Activision hereby releases Yang from any and all claims, demands, losses, costs, damages, and causes of action, known and unknown, which Activision may now hold or own, or has at any time heretofore held or owned, arising out of or in connection with the Action or arising out of or in any way relating to Yang's employment with, or

- 2 -

separation from, Activision. This release specifically includes, but is not limited to, the claims asserted in the Action; any claims for fraud; breach of contract; breach of implied covenant of good faith and fair dealing; inducement of breach; interference with contract; wrongful or unlawful discharge or demotion; violation of public policy; assault and battery (sexual or otherwise); invasion of privacy; intentional or negligent infliction of emotional distress; intentional or negligent misrepresentation; conspiracy; failure to pay wages, overtime, bonuses, benefits, vacation pay, severance pay, attorneys' fees, or other compensation of any sort; retaliation, discrimination or harassment on the basis of race, color, sex, gender, national origin, ancestry, religion, disability, handicap, medical condition, marital status, sexual orientation or any other protected category; any claim under Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act, the California Fair Employment and Housing Act, the Family and Medical Leave Act, the California Family Rights Act, the California Labor Code (including but not limited to Section 132a), or Section 1981 of Title 42 of the United States Code; violation of COBRA; violation of any safety and health laws, statutes or regulations; violation of ERISA; violation of the Internal Revenue Code; or any other wrongful conduct, based upon events occurring prior to the Effective Date of this Agreement. It is expressly recognized and acknowledged that this release does not extend to any Third Party, including but not limited to The Ant Commandos, Raymond Yow, Hong Lip Yow, Reverb Communications, Inc. or Doug Kennedy, and that this release does not constitute any form of license.

6.      Yang hereby releases Activision, its parents, subsidiaries and affiliates and their officers, directors, shareholders, successors, trustees, assigns, attorneys, and agents from any and all claims, demands, losses, costs, damages, and causes of action, known and unknown, which Yang may now hold or own, or has at any time heretofore held or owned, arising out of or in connection with the Action or arising

- 3 -

out of or in any way relating to Yang's employment with, or separation from, Activision. This release specifically includes, but is not limited to, the claims asserted in this Action; any claims for fraud; breach of contract; breach of implied covenant of good faith and fair dealing; inducement of breach; interference with contract; wrongful or unlawful discharge or demotion; violation of public policy; assault and battery (sexual or otherwise); invasion of privacy; intentional or negligent infliction of emotional distress; intentional or negligent misrepresentation; conspiracy; failure to pay wages, overtime, bonuses, benefits, vacation pay, severance pay, attorneys' fees, or other compensation of any sort; retaliation, discrimination or harassment on the basis of race, color, sex, gender, national origin, ancestry, religion, disability, handicap, medical condition, marital status, sexual orientation or any other protected category; any claim under Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act, the California Fair Employment and Housing Act, the Family and Medical Leave Act, the California Family Rights Act, the California Labor Code (including but not limited to Section 132a), or Section 1981 of Title 42 of the United States Code; violation of COBRA; violation of any safety and health laws, statutes or regulations; violation of ERISA; violation of the Internal Revenue Code; or any other wrongful conduct, based upon events occurring prior to the Effective Date of this Agreement.

7.     The parties acknowledge that they have been advised by their respective legal counsel and are familiar with the provisions of the California Civil Code Section 1542, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the Release, which, if

- 4 -

known by him or her must have materially affected his or
her settlement with the debtor.

The parties, being aware of said code section, all hereby expressly waive any rights
thereunder, as well as under any other statutes or common law principals of similar
effect.

8. The undersigned, and each of them, hereby warrant, represent, and
agree that they and each of them are the sole and lawful owner of all right, title and
interest in and to every claim and every matter which they purport to release
hereby, and that they have not heretofore assigned or transferred, or purported to
assign or transfer to any person or entity any claims or other matters herein
released. The releasing party shall indemnify the released party against, and
defend and hold it/him harmless from any claims arising out of or relating to such
assignment or transfer, or for any such purported or attempted assignment or
transfer, of any claims or other matters released herein.

9. Each party hereto acknowledges that no other party or any agent or
attorney of any other party, or any other person, firm, corporation, or any other
entity has made any promise, representation of law or fact, or warranty whatsoever,
express, implied, or statutory, not contained herein, concerning the subject matter
hereof, to induce the execution of this instrument, and each signatory hereby
acknowledges that he, she, or it has not executed this instrument in reliance on any
promise, representation, or warranty not contained herein.

10. This Agreement shall be binding upon and inure to the benefit of the
parties hereto and each and all of their representatives, officers, directors, affiliates,
partners, successors, assigns, employees and agents, if any.

11. The waiver of any breach of this Agreement by any party shall not be
a waiver of any other breach of this Agreement.

- 5 -

12.    This agreement has been executed by the parties hereto in California, and shall be governed by and construed in accordance with the internal laws (and not laws pertaining to conflicts or choice of law) of the State of California in all respects, including matters of validity, construction and performance of this Agreement. All parties consent to the exercise of personal jurisdiction over them in California and agree that any lawsuit arising out of or relating to this Agreement shall be brought exclusively in a court of competent subject matter jurisdiction located within the County of Los Angeles, State of California. In the event that any party to this Agreement attempts to set aside or to enforce this Agreement, or brings any action for a breach, the prevailing party shall be entitled to its reasonable attorneys' fees and expenses. The parties to this Agreement shall each bear their own respective attorneys' fees and costs up to the signing of this Agreement.

13.    This Agreement shall be construed without regard to the party or parties responsible for preparation of the same and shall be deemed as prepared jointly by the parties hereto.

14.    All items and notices required by the terms of this Agreement and/or the Consent Judgment and Permanent Injunction shall be sent as follows:

> A. To Activision: Activision Publishing, Inc., Attn. General Counsel, 3100 Ocean Park Blvd., Santa Monica, CA 90405, with a copy to Michael A. Tomasulo, Jones Day, 555 S. Flower Street, Fiftieth Floor, Los Angeles, CA 90071.

> B. To Yang: Richard F. Cauley, Esq., WANG HARTMANN & GIBBS PC, 1301 Dove Street, Suite 1050, Newport Beach, California 92660.

15.    This Agreement constitutes the entire Agreement of the parties and supersedes all prior or extemporaneous agreements, discussions or representations, oral or written, with respect to the subject matter hereof. Each of the parties hereto

- 6 -

states that it has read each of the paragraphs of this Agreement and that it is freely and voluntarily entering into this Agreement and that it understands the same and understands the legal obligations thereby created.

16.   Each party executing this Agreement represents and warrants that it/he/she has full authority and power to do so and all necessary resolutions and authorizations have been obtained.

17.   If any provision of this Agreement is held to be invalid or unenforceable for any reason, it shall, to the extent possible, be adjusted rather than voided in order to achieve the intent of the parties.  The invalidity or unenforceability of any provision of this Agreement shall not adversely affect the validity or enforceability of any of the remainder of this Agreement.

18.   Each party acknowledges that it has had an opportunity to review this Agreement and the legal implications of it with its own counsel.

19.   The parties agree that the terms of this Agreement, with the exception of the Consent Judgment and Permanent Injunction, are confidential and that the parties to this Agreement, their agents, employees, servants and persons acting in concert with any party shall not cause or suffer the disclosure of the terms of this Agreement to any third party including Defendants John Tam, Corey Fong, Reverb Communications, Doug Kennedy, The Ant Commandos, Raymond Yow and Hong Lip Yow, except (a) as reasonably necessary to enforce rights under this Agreement or the Consent Judgment and Permanent Injunction,  (b) as reasonably necessary by Activision for purposes of disclosure as may be required of it by any law, statute or regulation, either state or federal, the policies of the U.S. Securities and Exchange Commission or its stock exchange, (c) where a disclosure is reasonably required to any tax consultant, attorney, accountant, or other financial advisor who is consulted by a party to this Agreement regarding the tax consequences, if any, of any payments made or received under this Agreement,

- 7 -

provided the disclosure is in confidence; and (d) under judicial or governmental subpoena, demand or requirement, and the party agrees to request provisions of confidentiality.

     20.    This Agreement shall become binding as of the Effective Date hereof. This Agreement may be executed in counterparts.

IN WITNESS WHEREOF the authorized representatives of the parties have duly executed this Agreement.

| |
|---|
| ACTIVISION PUBLISHING, INC. |
| By: _Greg Deutsch_ |
| Dated· _April 16_ , 2007 |
| |
| JAMIE YANG |
| |
| |
| Dated _____, 2007 |

- 8 -

provided the disclosure is in confidence; and (d) under judicial or governmental subpoena, demand or requirement, and the party agrees to request provisions of confidentiality.

20.    This Agreement shall become binding as of the Effective Date hereof. This Agreement may be executed in counterparts.

IN WITNESS WHEREOF the authorized representatives of the parties have duly executed this Agreement.

ACTIVISION PUBLISHING, INC.
By: _____

Dated: _____, 2007

JAMIE YANG

Dated: *April 11th*, 2007

## CONFIDENTIAL APPENDIX A

- An effects foot pedal that functions with the Guitar Hero™ or Guitar Hero II™ games.
- An adapter, hardware, software or other device or method for making a peripheral device for the Sony PlayStation®2 game console compatible with the Sony PlayStation®3 game console.

LAI-2863598v1

# CONFIDENTIAL APPENDIX B

- Radio Disney
- Buena Vista Games, Inc.
- NickToons/Nickelodean
- High School Musical
- Harmonix Music Systems, Inc.
- MTV Networks
- Aspyr Media, Inc.
- Roxor Games, Inc.
- Chris Danford
- Glen Maynard

# CONFIDENTIAL APPENDIX C

- Honeybee
- Berway Technology LTD
- Mayflash

EXHIBIT C





Send No-55-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JOHN TAM, an individual, JAMIE YANG, an individual, COREY FONG, an individual, DOUG KENNEDY, an individual, HONG LIP YOW, an individual, RAYMOND YOW, an individual, REVERB COMMUNICATIONS, INC., a California corporation, and THE ANT COMMANDOS, INC., a California corporation,<br><br>　　　　Defendants. | Case No. CV 07-00464 PA (Ex)<br><br><br>**[PROPOSED] CONSENT JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANTS JOHN TAM AND COREY FONG** |

LA1-2856960v1



1    WHEREAS plaintiff Activision Publishing, Inc. ("Activision") and
2    defendants John Tam ("Tam"), and Corey Fong ("Fong") (collectively
3    "Defendants") have agreed in a separate confidential agreement to settlement of the
4    matters in issue between them and to entry of this Consent Judgment and
5    Permanent Injunction, it is hereby ORDERED, ADJUDGED, AND DECREED
6    THAT:

7    1.    Activision alleged claims against Tam and Fong for: (1) copyright
8    infringement under 17 U.S.C. § 501, *et seq.*; (2) violation of Section 43(a) of the
9    Lanham Act under 15 U.S.C. § 1125(a); (3) violation of the Computer Fraud and
10   Abuse Act pursuant to 18 U.S.C. §§ 1030(a)(4) and (a)(5)(B); (4) violation of
11   California Penal Code § 502; (5) misappropriation of trade secrets under California
12   Civil Code §§ 3426, *et seq.*; (6) misappropriation of confidential information; (7)
13   breach of contract; (8) breach of duty of loyalty and fiduciary duty; (9) statutory
14   unfair competition under California Business and Professions Code § 17200, *et*
15   *seq.*; (10) common law unfair competition; and (11) conversion.

16   2.    This Court has jurisdiction over all of the parties in this action and
17   over the subject matter in issue based on 28 U.S.C. §§1331, 1338(a) and 1367(a), as
18   well as 15 U.S.C. § 1121(a) and 18 U.S.C. § 1030(g). This Court further has
19   continuing jurisdiction to enforce the terms and provisions of this Consent
20   Judgment and Permanent Injunction. Venue is also proper in this Court pursuant to
21   28 U.S.C. §§1391(b).

22   3.    Plaintiff Activision is a Delaware corporation, having its principal
23   place of business at 3100 Ocean Park Boulevard, Santa Monica, California 90405.

24   4.    Defendant Tam, an individual who resides in Milpitas, California, was
25   until recently an employee of Activision.

26   5.    Defendant Fong, an individual who resides in Foster City, California,
27   was until recently an employee of Activision.

28

LAI-2856960v1

- 2 -

6. Tam and Fong communicated with Doug Kennedy ("Kennedy"), Reverb Communications, Inc. ("Reverb"), The Ant Commandos ("TAC"), Hong Lip Yow ("H. Yow") and Raymond Yow ("R. Yow") to form a company, referred to initially as Hourglass Interactive and then, ultimately, Lodestone Entertainment, Inc., to compete with Activision using Activision's confidential and proprietary information that Tam and Fong had obtained from Activision. (Hereinafter, Defendants' contemplated business venture is referred to as "Lodestone"). Through Lodestone, Defendants planned to sell a video game ("Defendants' Game") in competition with Activision's award-winning rhythm based music games called Guitar Hero™ and Guitar Hero II™ (collectively the "Guitar Hero™ franchise").

7. Activision is the owner of the copyrights in the audiovisual material associated with the Guitar Hero™ franchise, which copyrights have been registered, including Copyright Registration PA-1-322-764 for Guitar Hero™. This copyright is valid and enforceable throughout the United States.

8. Lodestone intended to target a confidential and proprietary Activision corporate opportunity for the Guitar Hero™ franchise involving a certain confidential third party (the "Third Party")[1] that was known to Tam and Fong by virtue of their employment with Activision.

9. Tam, working with Fong, directed an Activision employee and Activision independent contractors to develop, at Activision's expense, a demo of Defendants' Game (the "Tam Demo") for use by Defendants. Defendants reproduced, displayed, published, distributed, sold and/or promoted the Tam Demo without Activision's authorization or consent.

---

[1] Because the identity of the Third Party is Activision confidential and trade secret information, the name of this party is not disclosed in this Consent Judgment and Permanent Injunction but may be found in Appendix B to the confidential Settlement Agreement between the parties.

10.    Defendants intended to and did use the Tam Demo, to solicit partners and funds for Lodestone. The Defendants' decision to target and/or partner with the Third Party was based on Activision's confidential and trade secret information.

11.    Defendants each signed Activision's Form of Employee Proprietary Information Agreement ("Proprietary Information Agreement") obligating themselves to hold in strict confidence, and not use or disclose except for the benefit of Activision, Activision Proprietary Information.[2] Fong and Tam each explicitly acknowledge and agree that the Proprietary Information Agreements they signed constitute valid and binding agreements. Fong and Tam also each explicitly acknowledge and agree that Activision Proprietary Information includes, but is not limited to the following confidential and trade secret information, which derives independent economic value from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use:

---

[2] "Activision Propriety Information" includes all Activision confidential and trade secret information and, as set forth in the Employee Proprietary Information Agreement signed by Tam, Yang and Fong, specifically includes:

any and all trade secrets, confidential knowledge, data or any other proprietary information pertaining to any business of the Company or any of its clients, customers or consultants, licensees or affiliates. By way of illustration but not limitation, "Proprietary Information" includes (a) inventions, ideas, improvements, discoveries, trade secrets, processes, data, programs, knowledge, know-how, designs, techniques, formulas, test data, computer code, other works of authorship and designs whether or not patentable, copyrightable, or otherwise protected by law, and whether or not conceived of or prepared by me, either alone or jointly with others (hereinafter collectively referred to as "Inventions"); (b) information regarding research, development, new products and services, marketing plans and strategies, merchandising and selling, business plans, strategies, forecasts, projections, profits, investments, operations, financings, records, budgets and unpublished financial statements, licenses, prices and costs, suppliers and customers; and (c) identity, requirements, preferences, practices and methods of doing business of specific parties with whom the Company transacts business, and information regarding the skills and compensation of other employees of the Company and independent contractors performing services for the Company.

(a)    Financial information related to the Guitar Hero™ franchise, including but not limited to, profit and loss information, cost information, expenses, contract terms, sales numbers and forecasts, information contained in the Guitar Hero II™ Budget Summary, information contained in the Guitar Hero II™ North American Xbox 360™ Strategy PowerPoint, information contained in the Variable Sales & Marketing spreadsheet,

(b)    Marketing information related to the Guitar Hero™ franchise, including but not limited to marketing partners, contract terms, marketing categories, information contained in the Guitar Hero™ franchise plans, and identified growth areas for the Guitar Hero™ franchise,

(c)    Product information related to the Guitar Hero™ franchise, including but not limited to product design, such as the design for the Guitar Hero II™ Xbox 360™ controller design, future product ideas and designs,

(d)    Profit and loss statements developed by Tam, Fong and/or Yang which were derived from Guitar Hero™ financial information, including such statements developed for Hourglass Interactive and/or Lodestone Entertainment,

(e)    Information related to music licensing and in game advertising for the Guitar Hero™ franchise, including but not limited to contract terms, identities of possible future songs and artists to include, and identities of partners for licensing or in game advertising, and

(f)    Vendor information related to the Guitar Hero™ franchise, including but not limited to vendor identities and contact lists, vendor pricing, and vendor contract terms.

1       12.    Tam entered into a binding and valid employment agreement with

2    Activision. This contract required that, among other things, the term of Tam's

3    employment would continue until May 31, 2007, and that during that time he would

4    not work for any Activision competitor.  TAC is an Activision competitor.

5       13.    THEREFORE, it is hereby further ORDERED, ADJUDGED AND

6    DECREED THAT:

7    A.    John Tam and Corey Fong, their, officers, directors, agents, servants,

8         employees, attorneys, and those in active concert or participation with any

9         of them who receive actual notice of this injunction by personal service or

10        otherwise ARE RESTRAINED AND ENJOINED from:

11       1.    Copying, distributing, displaying or using any content derived or

12          copied from the Guitar Hero™ or Guitar Hero II™ video game;

13       2.    Copying, distributing, displaying or using the game demo created by

14          John Tam based on Guitar Hero™ and StepMania, screenshots of

15          which are attached hereto as **Exhibit 1** (the "Tam Demo") and/or

16          copying, distributing, displaying or using any content derived or copied

17          therefrom;

18       3.    Manufacturing, selling, offering for sale, advertising or distributing the

19          Tam Demo, or any rhythm based video game including or derived from

20          any Activision Proprietary Information;

21       4.    Taking any steps to develop, market, manufacture, sell or distribute

22          any guitar, synthesizer or drum based video games, including any

23          peripherals for those games, for a period of one (1) year;

24       5.    Using, disclosing, transferring, distributing or reproducing any

25          Activision Proprietary Information and any materials or information

26          derived therefrom, including but not limited to, using it in connection

27          with developing a music or rhythm based game, or in starting a

28

company, said Activision Proprietary Information including but not limited to:

- Financial information related to the Guitar Hero™ franchise, including but not limited to, profit and loss information, cost information, expenses, contract terms, sales numbers and forecasts, information contained in the Guitar Hero II™ Budget Summary, information contained in the Guitar Hero II™ North American Xbox 360™ Strategy PowerPoint, information contained in the Variable Sales & Marketing spreadsheet,

- Marketing information related to the Guitar Hero™ franchise, including but not limited to marketing partners, contract terms, marketing categories, information contained in the Guitar Hero™ franchise plans, and identified growth areas for the Guitar Hero™ franchise,

- Product information related to the Guitar Hero™ franchise, including but not limited to product design, such as the design for the Guitar Hero II™ Xbox 360™ controller design, future product ideas and designs,

- Profit and loss statements developed by John Tam, Corey Fong and/or Jamie Yang which were derived from Guitar Hero™ financial information, including such statements developed for Hourglass Interactive and/or Lodestone Entertainment,

- Information related to music licensing and in game advertising for the Guitar Hero™ franchise, including but not limited to contract terms, identities of possible future songs and artists to include, and identities of partners for licensing or in game advertising, and

CASE 3:07-cv-03536-MEJ Document 6 Filed 07/16/2007 Page 46 of 81

- Vendor information related to the Guitar Hero™ franchise, including but not limited to vendor identities and contact lists, vendor pricing, and vendor contract terms;

6. Taking any steps to develop, market, manufacture, sell or distribute any guitar controller intended to be compatible with Activision's Guitar Hero II™ game for the Microsoft Xbox 360™ game console until six months after Activision commercially releases the Activision Guitar Hero II™ game for the Microsoft Xbox 360™ game console;

7. Taking any steps to develop, market, manufacture, sell or distribute any of the confidential peripheral devices disclosed in Appendix A until six months after Activision commercially releases such a device;

8. Disclosing, transferring, distributing, reproducing or using any of the business plans developed by Jamie Yang, Corey Fong or John Tam or otherwise derived from those individuals for The Ant Commandos or for the business venture referred to variously as Hourglass Interactive and Lodestone Entertainment;

9. Soliciting Activision employees for a period of one (1) year;

10. Soliciting any of the Activision partners and growth areas identified in Appendix B to the confidential Settlement Agreement for a period of one (1) year; and

11. Soliciting any of the manufacturing vendors identified in Appendix C to the confidential Settlement Agreement for a period of one (1) year.

LAI-2856960v1

- 8 -

1    B.    Defendants shall, within five (5) days of entry of this Consent Judgment and

2        Permanent Injunction, deliver the documents and things listed below in their

3        possession, custody or control and shall file a written certification with the

4        Court stating that they have done so and have not retained any such

5        documents and things or any copies, electronic or otherwise, of such things:

6        1.    All Activision property, including but not limited to documents, files,

7            materials and things containing or derived from Activision Proprietary

8            Information and/or that Defendants acquired, received, developed or

9            worked on during the period of time that they worked for Activision

10           having anything to do with the video game business; and

11        2.    All documents, files, materials and things related to the business

12           venture Hourglass Interactive and/or Lodestone Entertainment and/or

13           otherwise related to any communications with or involving Reverb,

14           The Ant Commandos, Doug Kennedy, Hong Lip Yow, Raymond Yow

15           and/or any third party with whom you communicated related to the

16           business venture Hourglass Interactive and/or Lodestone

17           Entertainment.

18    C.    Defendants shall, within five (5) days of the entry of this Consent Judgment

19        and Permanent Injunction, disclose in writing to Activision all disclosures of

20        information, documents or materials related to or referring to Activision's

21        business or products or to the Tam Demo to third parties, including a

22        description of what was disclosed and the identity of any third parties

23        receiving such information and shall file a written certification with the Court

24        stating that they have done so.

25    D.    Service by mail upon the counsel of record of a copy of this Consent

26        Judgment and Permanent Injunction entered by the Court is deemed

27        sufficient notice to Defendants under Rule 65(d) of the Federal Rules of Civil

28

LAI-2856960v1

1     Procedure. It shall not be necessary for any Defendant to sign any form of

2     acknowledgement of service.

3   E.    Except as otherwise provided for in the Settlement Agreement, the parties

4     shall bear their own attorneys' fees and costs.

5

6   **IT IS SO ORDERED.**

7

8   Dated: March 27, 2007       By: _____

                                    Hon. Percy Anderson

9                                           United States District Judge

10

11   APPROVED AS TO FORM AND CONTENT:

12

13   Dated: March 26, 2007       JONES DAY

14

15

16                      By: _____

                                 Michael A. Tomasulo

17                      Attorneys for Plaintiff

                     ACTIVISION PUBLISHING, INC.

18

19   Dated: March 26, 2007       WANG HARTMANN & GIBBS PC

20

21                      By: _____

                                 Richard Cauley

22                      Attorneys for Defendants

23                      JOHN TAM, JAMIE YANG, COREY FONG

24

25

26

27

28

L.AI-2856960v1                         - 10 -



















1

## PROOF OF SERVICE

2   STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3          I am employed in the County of Los Angeles, State of California. I am over
    the age of 18 and not a party to the within action; my business address is 555 S.
4   Flower Street, 50th Floor, Los Angeles, California 90071.

5   On March 26, 2007, I caused to be served the foregoing document described as
    [PROPOSED] CONSENT JUDGMENT AND PERMANENT INJUNCTION AS
6   TO DEFENDANTS JOHN TAM AND COREY FONG on all other parties to this
    action addressed as follows:

7
    Richard F. Cauley, Esq.                    Kurt E. Wilson, Esq.
8   Wang, Hartmann & Gibbs, PC                 Sweeney, Mason, Wilson & Bosomworth
    1301 Dove Street, Suite 1050               983 University Avenue, Suite 104C
9   Newport Beach, CA 92660                    Los Gatos, CA 95032-7637
    Facsimile:  949-833-2281                   Facsimile:  408-354-8839
10  E-mail:    rcauley@whglawfirm.com          E-mail:    kwilson@smwb.com

11  Michael A. Oswald, Esq.
    Oswald & Yap
12  16148 Sand Canyon Avenue
    Irvine, CA 92618
13  Facsimile:  949-788-8980
    E-mail:    mao@oswald-yap.com

14  X     BY MAIL
          I caused each such envelope to be deposited in the mail at Los Angeles,
15  California.   Each such envelope was mailed with postage thereon fully
    prepaid.  I am "readily familiar" with the firm's practice of collection and
16  processing correspondence for mailing.  It is deposited with the U.S. Postal
    Service on that same day in the ordinary course of business.  I am aware that
17  on motion of party served, service is presumed invalid if postal cancellation
    date or postage meter date is more than one (1) day after date of deposit for
18  mailing in affidavit.
    EXECUTED on _March 26, 2007_ at Los Angeles, California.
19

20  X     BY E-MAIL
          I caused such document to be served via e-mail at the above-identified e-mail
21  addresses.
    EXECUTED on _March 26, 2007_ at Los Angeles, California.
22

23  X   (Federal)     I declare that I am employed in the office of a member of the
                      Bar of this Court at whose direction the service was made.

24

25  ___Gloria C. Perez___              _Maria X. Perez_
    Type or Print Name                 Signature
26

27

28

LAI-2853481v1

EXHIBIT D





UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PA(Ex)

ACTIVISION PUBLISHING, INC., a
Delaware corporation,

              Plaintiff,

      v.

JOHN TAM, an individual, JAMIE
YANG, an individual, COREY FONG,
an individual, DOUG KENNEDY, an
individual, HONG LIP YOW, an
individual, RAYMOND YOW, an
individual, REVERB
COMMUNICATIONS, INC., a
California corporation, and THE ANT
COMMANDOS, INC., a California
corporation,

              Defendants.

Case No. CV 07-00464 ~~CAS~~

[~~PROPOSED~~] CONSENT
JUDGMENT AND PERMANENT
INJUNCTION AS TO
DEFENDANT JAMIE YANG





LAI-2859192v1

1    WHEREAS plaintiff Activision Publishing, Inc. ("Activision") and defendant
2    Jamie Yang ("Yang") have agreed in a separate confidential agreement to
3    settlement of the matters in issue between them and to entry of this Consent
4    Judgment and Permanent Injunction, it is hereby ORDERED, ADJUDGED, AND
5    DECREED THAT:

6    1.    Activision alleged claims against Yang for: (1) copyright infringement
7    under 17 U.S.C. § 501, *et seq.*; (2) violation of Section 43(a) of the Lanham Act
8    under 15 U.S.C. § 1125(a); (3) violation of the Computer Fraud and Abuse Act
9    pursuant to 18 U.S.C. §§ 1030(a)(4) and (a)(5)(B); (4) violation of California Penal
10   Code § 502; (5) misappropriation of trade secrets under California Civil Code §§
11   3426, *et seq.*; (6) misappropriation of confidential information; (7) breach of
12   contract; (8) breach of duty of loyalty and fiduciary duty; (9) statutory unfair
13   competition under California Business and Professions Code § 17200, *et seq.*; (10)
14   common law unfair competition; and (11) conversion.

15   2.    This Court has jurisdiction over all of the parties in this action and
16   over the subject matter in issue based on 28 U.S.C. §§1331, 1338(a) and 1367(a), as
17   well as 15 U.S.C. § 1121(a) and 18 U.S.C. § 1030(g).  This Court further has
18   continuing jurisdiction to enforce the terms and provisions of this Consent
19   Judgment and Permanent Injunction.  Venue is also proper in this Court pursuant to
20   28 U.S.C. §§1391(b).

21   3.    Plaintiff Activision is a Delaware corporation, having its principal
22   place of business at 3100 Ocean Park Boulevard, Santa Monica, California 90405.

23   4.    Defendant Tam, an individual who resides in Milpitas, California, was
24   until recently an employee of Activision.

25   5.    Defendant Yang, an individual who resides in San Jose, California,
26   was until recently an employee of Activision.

27   6.    Defendant Fong, an individual who resides in Foster City, California,
28   was until recently an employee of Activision.

1    7.    Tam, Fong and Yang communicated with Doug Kennedy

2  ("Kennedy"), Reverb Communications, Inc. ("Reverb"), The Ant Commandos

3  ("TAC"), Hong Lip Yow ("H. Yow") and Raymond Yow ("R. Yow") to form a

4  company, referred to initially as Hourglass Interactive and then, ultimately,

5  Lodestone Entertainment, Inc., to compete with Activision using Activision's

6  confidential and proprietary information that Tam, Fong and Yang had obtained

7  from Activision. (Hereinafter, Defendants' contemplated business venture is

8  referred to as "Lodestone"). Through Lodestone, Defendants planned to sell a

9  video game ("Defendants' Game") in competition with Activision's award-winning

10  rhythm based music games called Guitar Hero™ and Guitar Hero II™ (collectively

11  the "Guitar Hero™ franchise").

12    8.    Activision is the owner of the copyrights in the audiovisual material

13  associated with the Guitar Hero™ franchise, which copyrights have been

14  registered, including Copyright Registration PA-1-322-764 for Guitar Hero™. This

15  copyright is valid and enforceable throughout the United States.

16    9.    Lodestone intended to target a confidential and proprietary Activision

17  corporate opportunity for the Guitar Hero™ franchise involving a certain

18  confidential third party (the "Third Party")[1] that was known to Tam, Fong and Yang

19  by virtue of their employment with Activision.

20    10.    Tam, working with Fong, directed an Activision employee and

21  Activision independent contractors to develop, at Activision's expense, a demo of

22  Defendants' Game (the "Tam Demo") for use by Defendants. Defendants

23  reproduced, displayed, published, distributed, sold and/or promoted the Tam Demo

24  without Activision's authorization or consent.

25

26       [1] Because the identity of the Third Party is Activision confidential and trade

27  secret information, the name of this party is not disclosed in this Consent Judgment
and Permanent Injunction but may be found in Appendix B to the confidential

28  Settlement Agreement between the parties.

1    11.   Defendants intended to and did use the Tam Demo, to solicit partners

2  and funds for Lodestone.  The Defendants' decision to target and/or partner with

3  the Third Party was based on Activision's confidential and trade secret information.

4    12.   Yang signed Activision's Form of Employee Proprietary Information

5  Agreement ("Proprietary Information Agreement") obligating her to hold in strict

6  confidence, and not use or disclose except for the benefit of Activision, Activision

7  Proprietary Information.[2]  Yang explicitly acknowledged and agreed that the

8  Proprietary Information Agreement she signed constitutes a valid and binding

9  agreement.  Yang also explicitly acknowledged and agreed that Activision

10  Proprietary Information includes, but is not limited to, the following confidential

11  and trade secret information, which derives independent economic value from not

12  being generally known to the public or to other persons who can obtain economic

13  value from its disclosure or use:

14

15

_____

16    [2] "Activision Propriety Information" includes all Activision confidential and
trade secret information and, as set forth in the Employee Proprietary Information
17  Agreement signed by Tam, Yang and Fong, specifically includes:

18    any and all trade secrets, confidential knowledge, data or any
other proprietary information pertaining to any business of the
19    Company or any of its clients, customers or consultants,
licensees or affiliates. By way of illustration but not limitation,
20    "Proprietary Information" includes (a) inventions, ideas,
improvements, discoveries, trade secrets, processes, data,
21    programs, knowledge, know-how, designs, techniques, formulas,
test data, computer code, other works of authorship and designs
22    whether or not patentable, copyrightable, or otherwise protected
by law, and whether or not conceived of or prepared by me,
23    either alone  or jointly with others (hereinafter collectively
referred to as "Inventions"); (b) information regarding research,
24    development, new products and services, marketing plans and
strategies, merchandising and selling, business plans, strategies,
25    forecasts, projections, profits, investments, operations,
financings, records, budgets and unpublished financial
26    statements, licenses, prices and costs, suppliers and customers;
and (c) identity, requirements, preferences, practices and
27    methods of doing business of specific parties with whom the
Company transacts business, and information regarding the
28    skills and compensation of other employees of the Company and
independent contractors performing services for the Company.

1

    (a)    Financial information related to the Guitar Hero™ franchise,

2

            including but not limited to, profit and loss information, cost

3

            information, expenses, contract terms, sales numbers and

4

            forecasts, information contained in the Guitar Hero II™ Budget

5

            Summary, information contained in the Guitar Hero II™ North

6

            American Xbox 360™ Strategy PowerPoint, information

7

            contained in the Variable Sales & Marketing spreadsheet,

8

    (b)    Marketing information related to the Guitar Hero™ franchise,

9

            including but not limited to marketing partners, contract terms,

10

            marketing categories, information contained in the Guitar

11

            Hero™ franchise plans, and identified growth areas for the

12

            Guitar Hero™ franchise,

13

    (c)    Product information related to the Guitar Hero™ franchise,

14

            including but not limited to product design, such as the design

15

            for the Guitar Hero II™ Xbox 360™ controller design, future

16

            product ideas and designs,

17

    (d)    Profit and loss statements developed by Tam, Fong and/or Yang

18

            which were derived from Guitar Hero™ financial information,

19

            including such statements developed for Hourglass Interactive

20

            and/or Lodestone Entertainment,

21

    (e)    Information related to music licensing and in game advertising

22

            for the Guitar Hero™ franchise, including but not limited to

23

            contract terms, identities of possible future songs and artists to

24

            include, and identities of partners for licensing or in game

25

            advertising, and

26

    (f)    Vendor information related to the Guitar Hero™ franchise,

27

            including but not limited to vendor identities and contact lists,

28

            vendor pricing, and vendor contract terms.

1       13.    Yang entered into a binding and valid employment agreement with

2   Activision. This contract required that, among other things, the term of Yang's

3   employment would continue until May 31, 2007, and that during that time she

4   would not work for any Activision competitor. TAC is an Activision competitor.

5       14.    THEREFORE, it is hereby further ORDERED, ADJUDGED AND

6   DECREED THAT:

7   A.    Jamie Yang, her, officers, directors, agents, servants, employees, attorneys,

8         and those in active concert or participation with her who receive actual

9         notice of this injunction by personal service or otherwise ARE

10        RESTRAINED AND ENJOINED from:

11       1.    Copying, distributing, displaying or using any content derived or

12          copied from the Guitar Hero™ or Guitar Hero II™ video game;

13       2.    Copying, distributing, displaying or using the game demo created by

14          John Tam based on Guitar Hero™ and StepMania, screenshots of

15          which are attached hereto as **Exhibit 1** (the "Tam Demo") and/or

16          copying, distributing, displaying or using any content derived or copied

17          therefrom;

18       3.    Manufacturing, selling, offering for sale, advertising or distributing the

19          Tam Demo, or any rhythm based video game including or derived from

20          any Activision Proprietary Information;

21       4.    Taking any steps to develop, market, manufacture, sell or distribute

22          any guitar, synthesizer or drum based video games, including any

23          peripherals for those games, until December 31, 2007;

24       5.    Using, disclosing, transferring, distributing or reproducing any

25          Activision Proprietary Information and any materials or information

26          derived therefrom, including but not limited to, using it in connection

27          with developing a music or rhythm based game, or in starting a

28

1
2

company, said Activision Proprietary Information including but not limited to:

3
4
5
6
7
8
9

- Financial information related to the Guitar Hero™ franchise, including but not limited to, profit and loss information, cost information, expenses, contract terms, sales numbers and forecasts, information contained in the Guitar Hero II™ Budget Summary, information contained in the Guitar Hero II™ North American Xbox 360™ Strategy PowerPoint, information contained in the Variable Sales & Marketing spreadsheet,

10
11
12
13
14

- Marketing information related to the Guitar Hero™ franchise, including but not limited to marketing partners, contract terms, marketing categories, information contained in the Guitar Hero™ franchise plans, and identified growth areas for the Guitar Hero™ franchise,

15
16
17
18

- Product information related to the Guitar Hero™ franchise, including but not limited to product design, such as the design for the Guitar Hero II™ Xbox 360™ controller design, future product ideas and designs,

19
20
21
22

- Profit and loss statements developed by John Tam, Corey Fong and/or Jamie Yang which were derived from Guitar Hero™ financial information, including such statements developed for Hourglass Interactive and/or Lodestone Entertainment,

23
24
25
26
27

- Information related to music licensing and in game advertising for the Guitar Hero™ franchise, including but not limited to contract terms, identities of possible future songs and artists to include, and identities of partners for licensing or in game advertising, and

28

LA1-2859192v1

- 7 -

1            •       Vendor information related to the Guitar Hero™ franchise,

2                   including but not limited to vendor identities and contact lists,

3                   vendor pricing, and vendor contract terms;

4       6.   Taking any steps to develop, market, manufacture, sell or distribute

5            any guitar controller intended to be compatible with Activision's

6            Guitar Hero II™ game for the Microsoft Xbox 360™ game console

7            until six months after Activision commercially releases the Activision

8            Guitar Hero II™ game for the Microsoft Xbox 360™ game console or

9            until December 31, 2007;

10      7.   Taking any steps to develop, market, manufacture, sell or distribute

11           any of the confidential peripheral devices disclosed in Appendix A

12           until six months after Activision commercially releases such a device

13           or until December 31, 2007;

14      8.   Disclosing, transferring, distributing, reproducing or using any of the

15           business plans developed by Jamie Yang, Corey Fong or John Tam or

16           otherwise derived from those individuals for The Ant Commandos or

17           for the business venture referred to variously as Hourglass Interactive

18           and Lodestone Entertainment;

19      9.   Soliciting Activision employees for a period of one (1) year;

20      10.  Soliciting any of the Activision partners and growth areas identified in

21           Appendix B to the confidential Settlement Agreement for a period of

22           one (1) year; and

23      11.  Soliciting any of the manufacturing vendors identified in Appendix C

24           to the confidential Settlement Agreement for a period of one (1) year.

25  B.  Yang shall, within five (5) days of entry of this Consent Judgment and

26      Permanent Injunction, deliver the documents and things listed below in her

27      possession, custody or control and shall file a written certification with the

28

LAI-2859192v1

- 8 -

1    Court stating that she has done so and has not retained any such documents
2    and things or any copies, electronic or otherwise, of such things:

3        1.    All Activision property, including but not limited to documents, files,
4            materials and things containing or derived from Activision Proprietary
5            Information and/or that Yang acquired, received, developed or worked
6            on during the period of time that she worked for Activision having
7            anything to do with the video game business; and

8        2.    All documents, files, materials and things related to the business
9            venture Hourglass Interactive and/or Lodestone Entertainment and/or
10           otherwise related to any communications with or involving Reverb,
11           The Ant Commandos, Doug Kennedy, Hong Lip Yow, Raymond Yow
12           and/or any third party with whom Yang communicated related to the
13           business venture Hourglass Interactive and/or Lodestone
14           Entertainment.

15   C.    Yang shall, within five (5) days of the entry of this Consent Judgment and
16   Permanent Injunction, disclose in writing to Activision all disclosures of
17   information, documents or materials related to or referring to Activision's
18   business or products or to the Tam Demo to third parties, including a
19   description of what was disclosed and the identity of any third parties
20   receiving such information and shall file a written certification with the Court
21   stating that she has done so.

D.   Service by mail upon the counsel of record of a copy of this Consent Judgment and Permanent Injunction entered by the Court is deemed sufficient notice to Defendants under Rule 65(d) of the Federal Rules of Civil Procedure. It shall not be necessary for any Defendant to sign any form of acknowledgement of service.

E.   Except as otherwise provided for in the Settlement Agreement, the parties shall bear their own attorneys' fees and costs.

**IT IS SO ORDERED.**

Dated: April ___, 2007          By: _____
                                          Hon. Percy Anderson
                                          United States District Court Judge

APPROVED AS TO FORM AND CONTENT:

Dated: April ___, 2007          JONES DAY

                                By: _____
                                          Robert W. Dickerson

                                Attorneys for Plaintiff
                                ACTIVISION PUBLISHING, INC.

Dated: April ___, 2007          WANG HARTMANN & GIBBS PC

                                By: _____
                                          Richard Cauley

                                Attorneys for Defendant
                                JAMIE YANG

1    D.    Service by mail upon the counsel of record of a copy of this Consent

2          Judgment and Permanent Injunction entered by the Court is deemed

3          sufficient notice to Defendants under Rule 65(d) of the Federal Rules of Civil

4          Procedure. It shall not be necessary for any Defendant to sign any form of

5          acknowledgement of service.

6    E.    Except as otherwise provided for in the Settlement Agreement, the parties

7          shall bear their own attorneys' fees and costs.

8

9    **IT IS SO ORDERED.**

10   Dated: April  $\overline{\cancel{B}}$, 2007          By:

11                                         Hon. Percy Anderson
                                          United States District Court Judge
12

13

14   APPROVED AS TO FORM AND CONTENT:

15

16   Dated: April  16, 2007          JONES DAY

17

18                                   By:
                                        Robert W. Dickerson
19
                                     Attorneys for Plaintiff
20                                   ACTIVISION PUBLISHING, INC.

21

22   Dated: April ___, 2007          WANG HARTMANN & GIBBS PC

23

24                                   By:
                                        Richard Cauley
25
                                     Attorneys for Defendant
26                                   JAMIE YANG

27

28

LAI-2859192v1                        - 10 -

1    PROOF OF SERVICE

2    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3        I am employed in the County of Los Angeles, State of California.  I am over
     the age of 18 and not a party to the within action; my business address is 555 S.
4    Flower Street, 50th Floor, Los Angeles, California 90071.

5    On April 17, 2007, I caused to be served the foregoing document described as
     [PROPOSED] CONSENT JUDGMENT AND PERMANENT INJUNCTION AS
6    TO DEFENDANT JAMIE YANG on all other parties to this action addressed as
     follows:

7
     Richard F. Cauley, Esq.                         Kurt E. Wilson, Esq.
8    Wang, Hartmann & Gibbs, PC                      Sweeney, Mason, Wilson & Bosomworth
     1301 Dove Street, Suite 1050                    983 University Avenue, Suite 104C
9    Newport Beach, CA  92660                        Los Gatos, CA  95032-7637
     Facsimile:  949-833-2281                        Facsimile:  408-354-8839
10   E-mail:    rcauley@whglawfirm.com               E-mail:    kwilson@smwb.com

11   Michael A. Oswald, Esq.
     Oswald & Yap
12   16148 Sand Canyon Avenue
     Irvine, CA  92618
13   Facsimile:  949-788-8980
     E-mail:    mao@oswald-yap.com

14      X   **BY MAIL**
15       I caused each such envelope to be deposited in the mail at Los Angeles,
         California.  Each such envelope was mailed with postage thereon fully
16       prepaid.  I am "readily familiar" with the firm's practice of collection and
         processing correspondence for mailing.  It is deposited with the U.S. Postal
17       Service on that same day in the ordinary course of business.  I am aware that
         on motion of party served, service is presumed invalid if postal cancellation
18       date or postage meter date is more than one (1) day after date of deposit for
         mailing in affidavit.
19       EXECUTED on April 17, 2007  at Los Angeles, California.

20       **BY FEDERAL EXPRESS**
         I caused each such envelope, with delivery fees provided for, to be served via
21       Federal Express.  I am "readily familiar" with the firm's practice of arranging
         envelopes to be delivered on an overnight basis by Federal Express.  Federal
22       Express will send its authorized courier to pick up envelopes which bear
         Jones Day's Federal Express Account Number at the firm's office in Los
23       Angeles, California, and that thereafter Federal Express will deliver such
         sealed envelopes on an overnight basis in the ordinary course of business.
24       EXECUTED on April 17, 2007  at Los Angeles, California.

25       **BY FACSIMILE**
         I caused such document to be served via facsimile at the above-identified
26       facsimile number, our telecopier confirming that the transmissions were
         received intact.
27       EXECUTED on April 17, 2007  at Los Angeles, California.

28

     LAI-2859843v1

1    __X__ **BY E-MAIL**
        I caused such document to be served via e-mail at the above-identified e-mail

2            addresses.
        EXECUTED on __April 17, 2007__ at Los Angeles, California.

3

4    _____ **BY PERSONAL SERVICE**
        I caused each such envelope to be delivered by hand to the offices of the
        addressee(s)

5            EXECUTED on __April 17, 2007__ at Los Angeles, California.

6    __X__ (Federal)    I declare that I am employed in the office of a member of the
                     Bar of this Court at whose direction the service was made.

7

8    *Frances Corrales*

9    Frances Corrales                 Signature

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAI-2859843v1

1  **Yee-Horn Shuai, Esq.**
   **SHUAI & ASSOCIATES**
2  301 E. Colorado Blvd., Suite 514
   Pasadena, California 91101
3  Tel. (626) 405-0348
   Fax (626) 405-0890
4  Bar No. 104897
   E-mail: yhshuai@gmail.com
5
   Attorney for John Tam, Jamie Yang,
6  and Corey Fong

7
                    UNITED STATES DISTRICT COURT
8
                 NORTHERN DISTRICT OF CALIFORNIA
9

10  ACTIVISION PUBLISHING, INC., a
    Delaware corporation,                )   Case No. C 07-03536 MEJ
11                                        )
                 Plaintiff,               )
12                                        )   DECLARATION OF YEE-HORN SHUAI IN
    vs.                                   )   SUPPORT OF MOTION FOR ORDER
13                                        )   DETERMINING GOOD FAITH
    JOHN TAM, an individual, JAMIE YANG, an )  SETTLEMENT BETWEEN PLAINTIFF
14  individual, COREY FONG, an individual, )   AND DEFENDANTS, JOHN TAM, COREY
    DOUG KENNEDY, an individual, HONG YIP )    FONG AND JAMIE YANG AND BARRING
15  LOW, an individual, RAYMOND YOW, an   )   OF FUTURE CLAIMS AGAINST
    individual, REVERB COMMUNICATIONS,    )   SETTLING PARTIES
16  INC., a California corporation, and THE ANT )
    COMMANDOS, INC., a California         )   Date:   August 30, 2007
17  corporation,                          )   Time:   10:00 AM
                                          )   Place:  Courtroom B, 15th Floor
18               Defendants.              )
    _____ )
19

20                          CONFIDENTIAL

21  CONTAINS MATERIALS DESIGNATED BY ACTIVISION AS CONFIDENTIAL SUBJECT

22  TO A PROTECTIVE ORDER ENTERED IN THIS ACTION.  IT IS NOT TO BE OPENED

23     NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC,

24                  EXCEPT BY ORDER OF THE COURT.

25  ////

26  ////

27  ////

28

DECLARATION OF YEE-HORN SHUAI IN SUPPORT OF DEFENDANTS JOHN TAM, COREY FONG
AND JAMIE YANG'S MOTION FOR ORDER DETERMINING GOOD FAITH SETTLEMENT

1    I, Yee-Horn Shuai, declare and say:

2    1.    I am an attorney licensed to practice law in the State of California, and the

3    attorney of record for defendants John Tam, Corey Fong and Jamie Yang.

4    2.    This declaration is made upon my own knowledge and if sworn as a witness, I can

5    competently testify to the truth of the facts set forth herein.

6    3.    On or about February 6 and 7, 2007, the depositions of John Tam and Corey Fong

7    took place pursuant to the court's order permitting limited expedited discovery.  After the

8    deposition of Mr. Fong, the attorneys and the parties for Activision and The Tam Defendants sat

9    down face-to-face to work out reasonable settlement terms.  At the end of those discussions, the

10    parties agreed in principal as to settlement of the matter against defendants John Tam and Corey

11    Fong.  Approximately, 3 weeks later the parties agreed to settle the matter as to Jamie Yang as

12    well.

13    4.    On or about March 27, 2007, Activision and defendants John Tam and Corey

14    Fong executed the Confidential Settlement Agreement in this matter, and entered into a Consent

15    Judgment and Permanent Injunction.  On or about April 11, 2007, Activision and Jamie Yang

16    executed the Confidential Settlement Agreement in this matter, and entered into a Consent

17    Judgment and Permanent Injunction.

18    5.    On or about June 8, 2007, I notified counsel for the ACT Defendants and the

19    Reverb Defendants The Tam Defendants' intent to seek good faith settlement determination and

20    invited them to join in a stipulation for a mutual waiver of any possible indemnity and

21    contribution claims against each other.  Counsel for ACT Defendants flatly rejected the idea.

22    However, counsel for the Reverb Defendants told me at least twice that his clients did not intend

23    to oppose such a motion.

24    ////////

25    /////////

26    ////////

27    /////////

28    /////////

1         I declare under penalty of perjury under the laws of the State of California that the

2    foregoing is true and correct.

3         Executed on July 16, 2007, at Pasadena, California.

4

5                                             Yee-Horn Shuai

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF YEE-HORN SHUAI IN SUPPORT OF DEFENDANTS JOHN TAM, COREY FONG
AND JAMIE YANG'S MOTION FOR ORDER DETERMINING GOOD FAITH SETTLEMENT

1  **Yee-Horn Shuai, Esq.**
   **SHUAI & ASSOCIATES**
2  301 E. Colorado Blvd., Suite 514
   Pasadena, California 91101
3  Tel. (626) 405-0348
   Fax (626) 405-0890
4  Bar No. 104897
   E-mail: yhshuai@gmail.com
5
   Attorney for John Tam, Jamie Yang,
6  and Corey Fong

7
                    UNITED STATES DISTRICT COURT
8
                    NORTHERN DISTRICT OF CALIFORNIA
9

10  ACTIVISION PUBLISHING, INC., a        )
    Delaware corporation,                 )  Case No. C 07-03536 MEJ
11                                         )
                                           )
         Plaintiff,                        )
12                                         )  [PROPOSED] ORDER GRANTING
    vs.                                    )  MOTION FOR ORDER DETERMINING
13                                         )  GOOD FAITH SETTLEMENT BETWEEN
    JOHN TAM, an individual, JAMIE YANG, an )  PLAINTIFF AND DEFENDANTS JOHN
14  individual, COREY FONG, an individual,  )  TAM, COREY FONG AND JAMIE YANG
    DOUG KENNEDY, an individual, HONG YIP ) AND BARRING OF FUTURE CLAIMS
15  LOW, an individual, RAYMOND YOW, an   )  AGAINST SETTLING PARTIES
    individual, REVERB COMMUNICATIONS,    )
16  INC., a California corporation, and THE ANT )
    COMMANDOS, INC., a California          )  Date:  August 30, 2007
17  corporation,                           )  Time:  10:00 AM
                                           )  Place:  Courtroom B, 15th Floor
18       Defendants.                       )
                                           )
19

20         The defendants John Tam, Corey Fong and Jamie Yang's (collectively "Settling

21  Defendants") Motion for Order for Determination of Good Faith Settlement between Plaintiff

22  and John Tam, Corey Fong and Jamie Yang has come before the Court.

23         The Court, having read and considered the moving, responding and reply papers and

24  having heard and considered the argument of counsel orders as follows:

25         IT IS HEREBY ORDERED that Settling Defendants' Motion for Order for

26  Determination of Good Faith Settlement between Plaintiff and John Tam, Corey Fong and Jamie

27  Yang is GRANTED.

28

YHS/fs/071607/107001 Mtn Good Faith Stmt Determination 01, [Proposed] Order 01.wpd                    1

[PROPOSED] ORDER GRANTING MOTION FOR ORDER DETERMINING GOOD FAITH SETTLEMENT BETWEEN PLAINTIFF AND
DEFENDANTS JOHN TAM, COREY FONG AND JAMIE YANG

1       IT IS HEREBY FURTHER ORDERED that all co-defendants shall be barred from

2  asserting any claims against the Settling Defendants for equitable comparative contribution, or

3  partial or comparative indemnity, based on comparative negligence or comparative fault.

4

5  IT IS SO ORDERED;

6

7  Dated: _____, 2007

                                 _____

8                                    Honorable Maria Elena James
                                    Judge of United States District Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

YHS/fs/071607/107001 Mtn Good Faith Stmt Determination 01, [Proposed] Order 01.wpd      2

[PROPOSED] ORDER GRANTING MOTION FOR ORDER DETERMINING GOOD FAITH SETTLEMENT BETWEEN PLAINTIFF AND DEFENDANTS JOHN TAM, COREY FONG AND JAMIE YANG

1  **Yee-Horn Shuai, Esq.**
    **SHUAI & ASSOCIATES**
2  301 E. Colorado Blvd., Suite 514
    Pasadena, California 91101
3  Tel. (626) 405-0348
    Fax (626) 405-0890
4  Bar No. 104897
    E-mail: yhshuai@gmail.com
5
    Attorney for John Tam, Jamie Yang,
6  and Corey Fong

7
                    UNITED STATES DISTRICT COURT
8
                   NORTHERN DISTRICT OF CALIFORNIA
9

10 ACTIVISION PUBLISHING, INC., a          )
    Delaware corporation,                   )  Case No. C 07-03536 MEJ
11                                          )
                    Plaintiff,              )
12                                          )  PROOF OF SERVICE RE  MOTION FOR
    vs.                                      )  ORDER DETERMINING GOOD FAITH
13                                          )  SETTLEMENT BETWEEN PLAINTIFF
    JOHN TAM, an individual, JAMIE YANG, an )  AND DEFENDANTS JOHN TAM, COREY
14 individual, COREY FONG, an individual,   )  FONG AND JAMIE YANG AND BARRING
    DOUG KENNEDY, an individual, HONG YIP   )  OF FUTURE CLAIMS AGAINST
15 LOW, an individual, RAYMOND YOW, an      )  SETTLING PARTIES
    individual, REVERB COMMUNICATIONS,      )
16 INC., a California corporation, and THE ANT )
    COMMANDOS, INC., a California            )  Date:   August 30, 2007
17 corporation,                             )  Time:   10:00 AM
                                            )  Place:  Courtroom B, 15th Floor
18                  Defendants.             )
                                            )
19

20

21

22

23

24

25

26

27

28

YHS/fs/071607/107001 Mtn Good Faith Stmt Determination 01, [Proposed] Order 01.wpd                    1

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA      )
                               ) S.S.

3

COUNTY OF LOS ANGELES   )

4

5

     I am employed in the County of Los Angeles, State of California, I am over the age of 18 and not a party to the within action, my business address is 301 E. Colorado Blvd., Suite 514, Pasadena, CA 91101.

6

7

     On July 16, 2007, I served the foregoing documents described as

8

     NOTICE OF MOTION AND MOTION FOR ORDER DETERMINING GOOD FAITH SETTLEMENT BETWEEN PLAINTIFF AND DEFENDANTS JOHN TAM, COREY FONG AND JAMIE YANG AND BARRING OF FUTURE CLAIMS AGAINST

9

SETTLING PARTIES; MEMORANDUM OF POINTS AND AUTHORITIES;

10

     DECLARATION OF YEE-HORN SHUAI IN SUPPORT OF MOTION FOR ORDER DETERMINING GOOD FAITH SETTLEMENT BETWEEN PLAINTIFF AND

11

DEFENDANTS JOHN TAM, COREY FONG AND JAMIE YANG AND BARRING OF FUTURE CLAIMS AGAINST SETTLING PARTIES;

12

13

     DECLARATION OF RICHARD CAULEY IN SUPPORT OF MOTION FOR ORDER DETERMINING GOOD FAITH SETTLEMENT BETWEEN PLAINTIFF AND DEFENDANTS JOHN TAM, COREY FONG AND JAMIE YANG AND BARRING OF

14

FUTURE CLAIMS AGAINST SETTLING PARTIES;

15

     [PROPOSED] ORDER GRANTING MOTION FOR ORDER DETERMINING GOOD FAITH SETTLEMENT BETWEEN PLAINTIFF AND DEFENDANTS JOHN TAM,

16

COREY FONG AND JAMIE YANG AND BARRING OF FUTURE CLAIMS AGAINST SETTLING PARTIES;

17

PROOF OF SERVICE

18

19

on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes by U.S. First Class Mail with postage thereon fully prepaid, deposited such envelope in the mail at Pasadena, California, addressed as follows:

20

See attached mailing list

21

22

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal

23

cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

24

Executed on July 16, 2007, at Pasadena, California.

25

     I declare under penalty of perjury under the laws of the United States of America  that the

26

foregoing is true and correct.

27

28

Fannie Chung

1

SERVICE LIST

2

3  Robert W. Dickerson
   Michael A. Tomasulo
   Anna E. Raimer
4  JONES DAY
   555 S. Flower Street, 15th Floor
5  Los Angeles, CA 90071-2300
   Tel: (213) 489-3939
6  Fax: (213) 243-2539
   Email: rwdickerson@jonesday.com
7         Matomasulo@jonesday.com
   ATTORNEYS FOR PLAINTIFF
8
   Kurt E. Wilson
9  Sweeney, Mason, Wilson & Bosomworth
   983 University Ave., Suite 104C
10 Los Gatos, CA 95032-7637
   Tel: (408) 356-3000
11 Fax: (408) 34-8839
   Email: kwilson@smwb.com
12 ATTORNEYS FOR DEFENDANTS
   DOUG KENNEDY & REVERB COMMUNICATIONS, INC.
13
   Michael A. Oswald
14 Oswald & Yap
   16148 Sand Canyon Ave.
15 Irvine, CA 92618
   Tel: (949) 788-8900
16 Fax: (949) 788-8980
   Email: mao@oswald-yap.com
17 ATTORNEYS FOR DEFENDANTS
   THE ANT COMMANDOS, INC. AND HONG LIP YOW
18
   Richard Cauley (Courtesy copy)
19 Wang, Hartmann & Gibbs, PC
   1301 Dove Street, Suite 1050
20 Newport Beach, CA 92660
   Tel: (949) 833-8483
21 Fax: (949) 833-2281
   Email: rcauley@whglawfirm.com
22

23

24

25

26

27

28