1  **Yee-Horn Shuai, Esq.**
   **SHUAI & ASSOCIATES**
2  301 E. Colorado Blvd., Suite 514
   Pasadena, California 91101
3  Tel. (626) 405-0348
   Fax (626) 405-0890
4  Bar No. 104897
   E-mail: yhshuai@gmail.com
5
   Attorney for John Tam, Jamie Yang,
6  and Corey Fong

7
                    UNITED STATES DISTRICT COURT
8
                 NORTHERN DISTRICT OF CALIFORNIA
9

10 | ACTIVISION PUBLISHING, INC., a |  |
   | Delaware corporation, | ) Case No. C 07-03536 MEJ |
11 |  | ) |
   |  | ) REDACTED JOHN TAM, COREY FONG |
12 | Plaintiff, | ) AND JAMIE YANG'S REPLY TO ALL |
   |  | ) DEFENDANTS' OPPOSITION TO THEIR |
13 |  | ) MOTION FOR ORDER DETERMINING |
   | vs. | ) GOOD FAITH SETTLEMENTS AND |
14 |  | ) BARRING OF FUTURE CLAIMS |
   |  | ) AGAINST SETTLING PARTIES; |
15 | JOHN TAM, an individual, JAMIE YANG, an | ) MEMORANDUM OF POINTS AND |
   | individual, COREY FONG, an individual, | ) AUTHORITIES; DECLARATIONS OF |
16 | DOUG KENNEDY, an individual, HONG YIP | ) JOHN TAM, COREY FONG, JAMIE YANG |
   | LOW, an individual, RAYMOND YOW, an | ) AND YEE-HORN SHUAI |
17 | individual, REVERB COMMUNICATIONS, | ) |
   | INC., a California corporation, and THE ANT | ) Complaint filed:  January 18, 2007 |
18 | COMMANDOS, INC., a California | ) |
   | corporation, | ) Date:  August 30, 2007 |
19 |  | ) Time: 10:00 AM |
   | Defendants. | ) Dept.: Courtroom B, 15th Floor |
20 |  | ) Judge: Honorable Marie-Elena James |

21
                           CONFIDENTIAL
22
   CONTAINS MATERIALS DESIGNATED BY ACTIVISION AS CONFIDENTIAL SUBJECT
23
   TO A PROTECTIVE ORDER ENTERED IN THIS ACTION.  IT IS NOT TO BE OPENED
24
   NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC,
25
                    EXCEPT BY ORDER OF THE COURT.
26

27

28

1

2

3    In response to the oppositions of defendants The Ant Commandors, Inc., Raymond Yow,

4 Hong Lip Yow, Reverb Communications, Inc. and Doug Kennedy to their motion for good faith

5 settlement determination, defendants John Tam, Corey Fong and Jamie Yang reply with the

6 memorandum of points and authorities attached hereto.

7    Dated: August 16, 2007        SHUAI & ASSOCIATES

8

9                                        _____

10                                      Yee-Horn Shuai, Attorney for Defendants John
                                        Tam, Jamie Yang, and Corey Fong

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    MEMORANDUM OF POINTS AND AUTHORITIES

2                        I

3    STATEMENT OF FACTS

4    The above-entitled action arose out of alleged claims made by Plaintiff Activision

5    Publishing, Inc. ("Activision") against former employees and defendants John Tam, Corey Fong

6    and Jamie Yang (collectively "The Tam Defendants"), The Ant Commandos, Inc., Hong Lip

7    Yow and Raymond Yow, (collectively "The TAC Defendants"), and Reverb Communications,

8    Inc. And Doug Kennedy, (collectively "The Reverb Defendants"). Activision claimed that The

9    Tam Defendants were working with Activision's competitor Defendant The Ant Commandos,

10   Inc. ("TAC") and TAC's respective directors during their employment and allegedly

11   misappropriated Activision's trade secret information.

12   Activision filed the complaint on January 18, 2007. On or about March 27, 2007,

13   Activision and defendants John Tam and Corey Fong executed the Confidential Settlement

14   Agreement in this matter, and entered into a Consent Judgment and Permanent Injunction. On or

15   about April 11, 2007, Activision and Jamie Yang executed the Confidential Settlement

16   Agreement in this matter, and entered into a Consent Judgment and Permanent Injunction.

17   Before the Tam Defendants reached the settlement with Activision, the Tam Defendants

18   had invited The TAC Defendants and The Reverb Defendants to join in the negotiation with

19   Activision to reach a global settlement. However, the TAC Defendants flatly rejected the idea,

20   and the Reverb Defendants were not supportive of such an idea. The Tam Defendants were all

21   salaried employees, i.e., hired hand living on salaries and not entrepreneurs. John Tam and

22   Corey Fong have families to care for, and Jamie Yang has serious health problems. None of

23   them could afford the attorneys' fees to litigate this matter. In fact, for the short period of time

24   that they defended the instant action and the settlement payments, their savings were

25   substantially depleted. The Tam Defendants had no choice but to accept whatever the lowest

26   amounts that plaintiffs Activision would accept to settle this matter.

27   The TAC Defendants did not reach the settlement agreement with plaintiff Activision

28   until June 25, 2007, which is about 3 months later than the settlements between the Tam

1  Defendants and Activision.  This time, the TAC Defendants again refused the Reverb

2  Defendants' proposal to jointly negotiate the settlement with Activision, despite the fact that the

3  counsel for the Reverb Defendants had indicated to counsel for the TAC Defendants of such an

4  desire, and that fact that Activision had told the counsel for TAC Defendants its willingness to

5  settle with both the TAC Defendants and the Reverb Defendants for an amount that is only about

6  $           more than the amount in the final settlement between the TAC Defendants and

7  Activision.  The TAC Defendants simply refused or failed to pass to the Reverb Defendants the

8  global settlement offer made by Activision, and unilaterally entered into the settlement with

9  Activision leaving the Reverb Defendants in the cold.

10  There is really no inconsistency between the statement in the former counsel Richard

11  Cauley's declaration and the amount of the damages acknowledged in the CONFIDENTIAL

12  SETTLEMENT AGREEMENTS.  In the Settlement Agreements, the Tam Defendants merely

13  ACKNOWLEDGED the damage claims of Activision without AGREEING to such claims.

14  The acknowledgment that the damages sustained by Activision to be in excess of

15  $           is agreed to be kept confidential and will not have any evidentiary value and, thus, will

16  not in any way help Activision in its action against the other defendants.

17  All of the Tam Defendants are living on wages and need to support their families.  Their

18  financial conditions are set forth in their declaration in support of this Reply.

19  The TAC Defendants and the Reverb Defendants have not proffered any evidence of

20  collusion, fraud, or tortious conduct between the settler and the plaintiff aiming at making non-

21  settling parties pay more than their fair share.

22  In the TAC Defendants' motion for good faith settlement determination, the TAC

23  Defendants assert that, THE SETTLEMENT OF THE PARTIES WAS REACHED IN GOOD

24  FAITH, BECAUSE THE SETTLING DEFENDANTS ARE PROVIDING THE PLAINTIFF

25  WITH PAYMENT OF AN AMOUNT THAT IS FAIR CONSIDERING THE SIX FACTORS

26  SET FORTH IN TECH-BUILT V. WOODWARD."  (See TAC Defendants' Ps & As, P3, L25 to

27  P7, L10.)

28  /////////////

II

THIS COURT HAS AUTHORITY TO AND SHOULD MAKE A
DETERMINATION THAT THE SETTLEMENT WAS MADE IN
GOOD FAITH UNDER C.C.P. SECTION 877.6

In *Tech-Bilt, Inc. v. Woodward-Clyde & Associates*, 38 Cal. 3d 488, 499 (1985), the court concluded that a trial court may inquire as to whether the amount of the settlement is within a reasonable "ballpark" range of the settling tortfeasor's proportional share of comparative liability for the alleged damages. This assessment is to be made based on the facts available at the time of settlement. The court outlined factors to be assessed in making the good faith determination as follows:

> The intent and policies underlying § 877.5 require that a number of
> factors be taken into account, including a rough approximation of
> the plaintiff's total recovery and the settlor's proportionate liability,
> the amount paid in settlement, the allocation of settlement proceeds
> among plaintiffs, and a recognition that a settlor should pay less in
> settlement than he would if he were found to have liability at trial.
> Other relevant considerations include the financial condition and
> insurance policy limits of the settling defendants as well as the
> existence of collusion, fraud, or tortious conduct aimed to injure
> the interest of non-settling defendants. Finally, practical
> considerations obviously required that the evaluation be made on
> the basis of information available at the time of settlement.

Id. at 499.

In the instant case, the facts clearly reflect that the settlement by the parties is in good faith and consistent with the considerations outlined in the *Tech-Bilt* decision.

The Tam Defendants wanted to reach settlement with Activision because they did not and do not have the financial ability to litigate this matter. They invited the TAC Defendants and the Reverb Defendants to join in the negotiation for a global settlement with Activision. Such

1  invitation was rejected by the TAC Defendants and unsupported by the Reverb Defendants.

2  They had no choice but to proceed the settlement negotiation with Activision without the other

3  defendants.

4      The Tam Defendants reached the settlement with Activision at a very early stage of the

5  action.  In fact, in less than 2 months after Activision's filing of the complaint, the Tam

6  Defendants and Activision reached principal terms of the settlement.  The settlement agreements

7  were not signed until awhile later because it took a long time for the counsel to finalize and for

8  the parties to execute the agreements and the consent judgments.  The civil litigation system is

9  designed to encourage settlement among the parties.  The earlier the settlement is reached, the

10  more savings there are of the costs to the parties, the court system and the society.

11      The acknowledgment of Activision's damages does not have any evidentiary value and

12  thus will not in any way help Activision's action against any of the other defendants, i.e., the

13  TAC Defendants and the Reverb Defendants.  Therefore, such recitations in the confidential

14  settlement agreements should not and cannot infer any collusion, fraud, or tortious conduct

15  between the settler and the plaintiff aimed at making non-settling parties pay more than their fair

16  share.  In fact, at the time when the TAC Defendants reached and entered the settlement

17  agreement with Activision, they did not know any of the terms and conditions of the settlement

18  agreements between the Tam Defendants and Activision.  That also means, the settlement

19  between TAC Defendants and Activision was not affected in any way by the settlements between

20  the Tam Defendants and Activision.

21      Had the counsel of the TAC Defendants not repeatedly threatened to seeking indemnity

22  and contribution from the Tam Defendants, the Tam Defendants would not have filed the motion

23  for good faith determination.  Had the Tam Defendants not filed the motion for good faith

24  determination, none of the other defendants would have known the terms and conditions of said

25  settlement agreements.

26      The Tam Defendants have proffered additional evidence to show their current financial

27  conditions.  The financial conditions of the Tam Defendants clearly support their request for a

28  good faith settlement determination.  ████████████████

1   ███████████████████████████████████████████████████████

2   ███████████████████████████████████████████████████████

3   ██████████████████████████████████████ If any of them was going to

4   continue this litigation, he/she would soon need to borrow money against the equity of his/her

5   house increasing his/her monthly mortgage payments beyond his/her means.  When his/her

6   income is insufficient to meet all the debts, his/her house may go in default and be foreclosed.

7        Furthermore, none of the opposing defendants has proffered any evidence that this

8   settlement was the result of collusion, fraud or tortious conduct against the non-settling

9   defendants/cross-defendants.  There is no evidence whatsoever that the agreement was based on

10  anything other than an arms-length negotiation following investigation by all parties concerned.

11  All the TAC Defendants and Reverb Defendants have clearly failed the burden of proof to show

12  that the settlement between the Tam Defendants and Activision lacks good faith.

13       In the TAC Defendants' motion for good faith settlement determination, the TAC

14  Defendants assert that, "THE SETTLEMENT OF THE PARTIES WAS REACHED IN GOOD

15  FAITH, BECAUSE THE SETTLING DEFENDANTS ARE PROVIDING THE PLAINTIFF

16  WITH PAYMENT OF AN AMOUNT THAT IS FAIR CONSIDERING THE SIX FACTORS

17  SET FORTH IN TECH-BUILT V. WOODWARD."  (See TAC Defendants' Ps & As, P3, L25 to

18  P7, L10.)  If the TAC Defendants assert that the settlement between them and Activision is

19  FAIR, how could they argue that the settlement between the Tam Defendants and Activision is

20  NOT FAIR or not in good faith?

21       Further, Code of Civil Procedure §§ 877 and 877.6(c) applies to those defendants who act

22  in concert to cause an injury, and include joint and concurrent and successive tortfeasors.  In

23  *Turcon Construction, Inc. v. Norto-Valliers, Ltd.*, 139 Cal. App. 3d 280, 282 (1983) the court

24  stated:

25            The clear policy of § 877.6(c) is to encourage settlement by

26            providing finality to litigation for the settling tortfeasor.  This

27            policy applies with equal force to all tortfeasors joined in the single

28            action regardless of whether their acts are successive or

1    contemporaneous.

2                                    III

3                                CONCLUSION

4    Based on the foregoing, it is respectfully requested that the court order:

5    a)      That the proposed settlements between the Tam Defendants and Activision are in

6    good faith pursuant to Code of Civil Procedure § 877.6; and

7    b)      That all future claims against each named party to this action for equitable

8    comparative contribution or partial comparative indemnity, based on comparative negligence or

9    comparative fault (including claims for implied contractual indemnity), be dismissed and are

10   forever barred.

11   Dated: August 16, 2007             SHUAI & ASSOCIATES

12

13                                      _____

14                                      Yee-Horn Shuai, Attorney for Defendants John
                                        Tam, Jamie Yang, and Corey Fong

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **Yee-Horn Shuai, Esq.**
   **SHUAI & ASSOCIATES**
2  301 E. Colorado Blvd., Suite 514
   Pasadena, California 91101
3  Tel. (626) 405-0348
   Fax (626) 405-0890
4  Bar No. 104897
   E-mail: yhshuai@gmail.com
5
   Attorney for John Tam, Jamie Yang,
6  and Corey Fong

7
                    UNITED STATES DISTRICT COURT
8
                   NORTHERN DISTRICT OF CALIFORNIA
9

10  ACTIVISION PUBLISHING, INC., a                )
    Delaware corporation,                         )  Case No. C 07-03536 MEJ
11                                                 )
                            Plaintiff,             )
12                                                 )  **REDACTED CONFIDENTIAL AND**
    vs.                                            )  **SEALED DECLARATION** OF JOHN TAM
13                                                 )  IN SUPPORT OF DEFENDANTS JOHN
    JOHN TAM, an individual, JAMIE YANG, an )  TAM, COREY FONG AND JAMIE YANG'S
14  individual, COREY FONG, an individual,         )  REPLY TO ALL OTHER DEFENDANTS'
    DOUG KENNEDY, an individual, HONG YIP )  OPPOSITIONS TO THEIR MOTION FOR
15  LOW, an individual, RAYMOND YOW, an            )  ORDER DETERMINING GOOD FAITH
    individual, REVERB COMMUNICATIONS,             )  SETTLEMENT AND BARRING OF
16  INC., a California corporation, and THE ANT )  FUTURE CLAIMS AGAINST SETTLING
    COMMANDOS, INC., a California                  )  PARTIES
17  corporation,                                   )
                                                   )
18                          Defendants.            )
                                                   )
19

20

21                              CONFIDENTIAL

22  CONTAINS MATERIALS DESIGNATED BY ACTIVISION AS CONFIDENTIAL SUBJECT

23  TO A PROTECTIVE ORDER ENTERED IN THIS ACTION.  IT IS NOT TO BE OPENED

24     NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC,

25                     EXCEPT BY ORDER OF THE COURT.

26

27

28

1    I, John Tam, declare and say:

2    1.    I am a defendant in the above captioned action. This declaration is made upon my
3    own knowledge and if sworn as a witness, I can competently testify to the truth of the facts set
4    forth herein.

5    2.    As soon as Activision believed that Corey Fong, Jamie Yang and I were doing the
6    things alleged in the complaint, it fired all of us. While unemployed, the lawyer bills were
7    stacking up on all of us.

8    3.    Corey Fong, Jamie Yang and I, through Mr. Cauley, had invited all the other
9    defendants to jointly work out a universal settlement with Activision. However, such invitation
10   was rejected by TAC, Hong Lip Yow and Raymond Yow, and Reverb Communications, Inc. and
11   Doug Kennedy were not supportive of such an idea. We had no choice but to settle with
12   Activision without them.

13   4.    I have no idea if what Mr. Richard Cauley said in his declaration is correct, i.e.,
14   Activision did not suffer any compensable injury. However, my understanding is that I would
15   not be able to reach a settlement without acknowledging Activision's damages to be in excess of
16   $            , and that Mr. Richard Cauley was only able to change the word "agree" to
17   "acknowledge", i.e., we did not agree but acknowledge that the damages caused to Activision
18   were in excess of $            .

19   5.    In addition, my understanding is that the settlement agreements would be
20   confidential and none of the parties is permitted to disclose the terms of the settlement
21   agreement, and, thus, I believed that such acknowledgment of damages would not and could not
22   be used by Activision as evidence against any of the other defendants.

23   6.    I had my family to think of and really had no choice but to settle to get out of the
24   legal situations, and to stop the legal bills from adding up.

25

26   7.    I and my wife currently have the following assets and income:

27        a.    We have approximately $       in the bank accounts. The little cash we
28   have will drastically change, if I have to further deal with the legal issues. Any more big hits

1  from legal bills or other things can quickly deplete the amount in my checking & savings

2  account. I was informed that not only TAC, Hong Lip Yow and Raymond Yow filed the

3  opposition to our motion, but also Reverb Communications, Inc. and Douglas Kennedy.

4          b.    We own our own residence. ██████████████████

5  ███████████████████████████████████████████████

6  ███████

7          c.    ████████████████████████████

8  ████████████████████ With the kind of income, we need to support a family of 4

9  (including two infants). If we have to take equity out of our house, this will raise our monthly

10  payments and could potentially put myself and my family out on the streets.

11      8.    My wife and I have borrowed significant funds from family to have cash on hand

12  for mortgage bills etc. and still have the following debts:

13          a.    ████████████████████████

14          ▪    ████████████████

15          ▪    ████████████████

16      9.    Our monthly expenses are: █████████████████████

17  ███████████████████████████████████████████████

18  ████████████████████████████████

19      10.   I did earned some shares of the RedOctane stock. I sold the stock and received

20  approximately ████████████, and we used the money to pay off our loans and also part

21  of the home mortgage.

22      I declare under penalty of perjury under the laws of the State of California that the

23  foregoing is true and correct.

24      Executed on August ___, 2007, at Milpitas, California.

25

26                                    _____

27                                    John Tam

28



1  **Yee-Horn Shuai, Esq.**
   **SHUAI & ASSOCIATES**
2  301 E. Colorado Blvd., Suite 514
   Pasadena, California 91101
3  Tel. (626) 405-0348
   Fax (626) 405-0890
4  Bar No. 104897
   E-mail: yhshuai@gmail.com
5
   Attorney for John Tam, Jamie Yang,
6  and Corey Fong

7
                    UNITED STATES DISTRICT COURT
8
                  NORTHERN DISTRICT OF CALIFORNIA
9

10  ACTIVISION PUBLISHING, INC., a            )
    Delaware corporation,                     )  Case No. C 07–03536 MEJ
11                                            )
                        Plaintiff,            )
12                                            )  **CONFIDENTIAL AND SEALED**
    vs.                                       )  **DECLARATION** OF COREY FONG IN
13                                            )  SUPPORT OF DEFENDANTS JOHN TAM,
    JOHN TAM, an individual, JAMIE YANG, an   )  COREY FONG AND JAMIE YANG'S
14  individual, COREY FONG, an individual,    )  REPLY TO ALL OTHER DEFENDANTS'
    DOUG KENNEDY, an individual, HONG YIP     )  OPPOSITIONS TO THEIR MOTION FOR
15  LOW, an individual, RAYMOND YOW, an       )  ORDER DETERMINING GOOD FAITH
    individual, REVERB COMMUNICATIONS,        )  SETTLEMENT AND BARRING OF
16  INC., a California corporation, and THE ANT )  FUTURE CLAIMS AGAINST SETTLING
    COMMANDOS, INC., a California             )  PARTIES
17  corporation,                              )
                                              )
18                      Defendants.           )
                                              )
19

20

21                           CONFIDENTIAL

22  CONTAINS MATERIALS DESIGNATED BY ACTIVISION AS CONFIDENTIAL SUBJECT

23  TO A PROTECTIVE ORDER ENTERED IN THIS ACTION.  IT IS NOT TO BE OPENED

24  NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC,

25                  EXCEPT BY ORDER OF THE COURT.

26

27

28

YHS/fs//107001 Redacted Mtn Good Faith Stmt Determination 01, Reply, Decl Corey-7.wpd          1

                         DECLARATION OF COREY FONG

1    I, Corey Fong, declare and say:

2    1.    I am a defendant in the above captioned action. This declaration is made upon my
3    own knowledge and if sworn as a witness, I can competently testify to the truth of the facts set
4    forth herein.

5    2.    As soon as Activision believed that John Tam, Jamie Yang and I were doing the
6    things alleged in the complaint, it fired all of us. While unemployed, the lawyer bills were
7    stacking up on all of us.

8    3.    John Tam, Jamie Yang and I, through Mr. Cauley, had invited all the other
9    defendants to jointly work out a universal settlement with Activision. However, such invitation
10   was rejected by TAC, Hong Lip Yow and Raymond Yow, and Reverb Communications, Inc. and
11   Doug Kennedy were not supportive of such an idea. We had no choice but to settle with
12   Activision without them.

13   4.    I have no idea if what Mr. Richard Cauley said in his declaration is correct, i.e.,
14   Activision did not suffer any compensable injury. However, my understanding is that I would
15   not be able to reach a settlement without acknowledging Activision's damages to be in excess of
16   $      , and that Mr. Richard Cauley was only able to change the word "agree" to
17   "acknowledge", i.e., we did not agree but acknowledge that the damages caused to Activision
18   were in excess of $      .

19   5.    In addition, my understanding is that the settlement agreements would be
20   confidential and none of the parties is permitted to disclose the terms of the settlement
21   agreement, and, thus, I believed that such acknowledgment of damages would not and could not
22   be used by Activision as evidence against any of the other defendants.

23   6.    I had my family to think of and really had no choice but to settle to get out of the
24   legal situations, and to stop the legal bills from adding up.

25   7.    I applied for unemployment benefit about 2 months after Activision fired us, in an
26   attempt to get some income for my family. However, Activision's VP of HR specifically went
27   through the trouble of blocking my application for unemployment insurance benefits by telling
28   the unemployment department that I do not deserve unemployment insurance because I was fired

1  for gross misconduct, knowing full well that I had a family to take care of.  As the result, I did
2  not receive any unemployment insurance benefit or other income during the 6 months that I was
3  out of work.

4        8.    I and my wife currently have the following assets and income:

5        a.

6        This will drastically change, if I have to further deal with the legal issues.  Any more
7  big hits from legal bills or other things can quickly deplete the amount in my checking & savings
8  account.  I was informed that not only TAC, Hong Lip Yow and Raymond Yow filed the
9  opposition to our motion, but also Reverb Communications, Inc. and Douglas Kennedy.

10        b.    We own our own residence.

11

12

13        c.    After months of unemployment, I finally found a new job and started work
14  on June 22, 2007, but on a 90-day probation.  My annual salary is $    , and the take home
15  pay approximately $   per month.  With the kind of income, I need to support a family of 5
16  plus one to come in October.  If I have to take equity out of my house, this will raise our monthly
17  payments and could potentially put myself and my family out on the streets, especially because
18  my wife is pregnant with our 4th child due in October, and she has quit her job to stay home with
19  the children.

20        9.    My wife and/or I still have the following debts:

21        a.

22

23

24        10.    My monthly expenses are:

25

26

27

28

DECLARATION OF COREY FONG

1      11.    I did receive          shares of the RedOctane stock.  However, when I sold them

2    in June 07, 2006, I received only about $          cash after taxes.  The money was enough to pay

3    only a tiny fraction of the attorneys' fees.

4          I declare under penalty of perjury under the laws of the State of California that the

5    foregoing is true and correct.

6          Executed on August 10, 2007, at Foster City, California.

7

8
                                        _____
9                                       Corey Fong

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Yee-Horn Shuai, Esq.
   **SHUAI & ASSOCIATES**
2  301 E. Colorado Blvd., Suite 514
   Pasadena, California 91101
3  Tel. (626) 405-0348
   Fax (626) 405-0890
4  Bar No. 104897
   E-mail: yhshuai@gmail.com
5
   Attorney for John Tam, Jamie Yang,
6  and Corey Fong

7
                            UNITED STATES DISTRICT COURT
8
                          NORTHERN DISTRICT OF CALIFORNIA
9

10 ACTIVISION PUBLISHING, INC., a                 )
   Delaware corporation,                          )  Case No. 07-03536 MEJ
11                                                 )
                   Plaintiff,                      )
12                                                 )  **REDACTED CONFIDENTIAL AND**
   vs.                                             )  **SEALED DECLARATION** OF JAMIE
13                                                 )  YANG IN SUPPORT OF DEFENDANTS
   JOHN TAM, an individual, JAMIE YANG, an )  JOHN TAM, COREY FONG AND JAMIE
14 individual, COREY FONG, an individual,          )  YANG'S REPLY TO ALL OTHER
   DOUG KENNEDY, an individual, HONG YIP )  DEFENDANTS' OPPOSITIONS TO THEIR
15 LOW, an individual, RAYMOND YOW, an            )  MOTION FOR ORDER DETERMINING
   individual, REVERB COMMUNICATIONS,             )  GOOD FAITH SETTLEMENT AND
16 INC., a California corporation, and THE ANT     )  BARRING OF FUTURE CLAIMS
   COMMANDOS, INC., a California                   )  AGAINST SETTLING PARTIES
17 corporation,                                    )
                                                   )
18                 Defendants.                     )
                                                   )
19 ────────────────────────────────── )

20

21                                    CONFIDENTIAL

22 CONTAINS MATERIALS DESIGNATED BY ACTIVISION AS CONFIDENTIAL SUBJECT

23 TO A PROTECTIVE ORDER ENTERED IN THIS ACTION. IT IS NOT TO BE OPENED

24 NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC,

25                         EXCEPT BY ORDER OF THE COURT.

26

27

28

1    I, Jamie Yang, declare and say:

2        1.    I was a defendant in the above captioned action.  This declaration is made upon

3    my own knowledge and if sworn as a witness, I can competently testify to the truth of the facts

4    set forth herein.

5        2.    As soon as Activision believed that John Tam, Corey Fong and I were doing the

6    things alleged in the complaint, it fired all of us.  While unemployed, the lawyer bills were

7    stacking up on all of us.

8        3.    John Tam, Corey Fong and I, through Mr. Cauley, had invited all the other

9    defendants to jointly work out a universal settlement with Activision.  However, such invitation

10   was rejected by TAC, Hong Lip Yow and Raymond Yow, and Reverb Communications, Inc. and

11   Doug Kennedy were not supportive of such an idea.  We had no choice but to settle with

12   Activision without them.

13       4.    I have no idea if what Mr. Richard Cauley said in his declaration is correct, i.e.,

14   Activision did not suffer any compensable injury.  However, my understanding is that I would

15   not be able to reach a settlement without acknowledging Activision's damages to be in excess of

16   $▮▮▮▮, and that Mr. Richard Cauley was only able to change the word "agree" to

17   "acknowledge", i.e., we did not agree but acknowledge that the damages caused to Activision

18   were in excess of $▮▮▮▮.

19       5.    In addition, my understanding is that the settlement agreements would be

20   confidential and none of the parties is permitted to disclose the terms of the settlement

21   agreement, and, thus, I believed that such acknowledgment of damages would not and could not

22   be used by Activision as evidence against any of the other defendants.

23       6.    John Tam and Corey Fong invited me to join the new venture and I only agreed to

24   **consider** joining the new venture.  Due to my heavy traveling and work load and my poor health,

25   I hardly did anything for the planned new venture.  However, due to my poor health and lack of

26   financial ability, I had no choice but to settle to get out of the legal situations, and to stop the

27   legal bills from adding up.

28       7.    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and currently have the

1    following assets:

2        a. ███████████████████

3    ██████████████████████████████

4    █████████████████████ Any more big hits from legal

5    bills or other things can quickly deplete the amount in my checking & savings accounts.  I was

6    informed that not only TAC, Hong Lip Yow and Raymond Yow filed the opposition to our

7    motion, but also Reverb Communications, Inc. and Douglas Kennedy.

8        b. ████████████████████████

9    ████████████████████████

10    █ ██████████████████████

11    ████████

12    █ █████████████████████

13    █████████

14       9.     Due to constant business travel between the US and China and long working

15    hours, I have been seeking medical help for my neck and back problems since October, 2006.

16    My neck and back problems cause me breathing difficulty, chest pain and neck/back/lower back

17    pain.  Other then medication, the doctor ordered me to do physical therapy 2 to 3 times a week.

18    However, as the result of the firing, I lost my health insurance, and the attorneys' bills quickly ate

19    away my savings.  I had to stop all my medical treatments in the US.  In order to continue my

20    medical treatments at reduced financial burden, I decided to move to Taiwan temporarily to stay

21    with my mother and get medical care and treatments because the medical treatments are much

22    cheaper in Taiwan.

23       10. ████████████████████

24    ██████████████████████████████

25    █████████████████████████████

26    █████████████████████████████

27    ████

28       11. █████████████████████████



1    █████████████████████ The money was used mostly to pay attorneys' fees,

2    Activision settlement payments, my 2nd house mortgage and my daily living expenses.

3        I declare under penalty of perjury under the laws of the State of California that the

4    foregoing is true and correct.

5        Executed on August __, 2007, at Taipei, Taiwan.

6

7

                                         Jamie Yang

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | **Yee-Horn Shuai, Esq.**
**SHUAI & ASSOCIATES**
2 | 301 E. Colorado Blvd., Suite 514
Pasadena, California 91101
3 | Tel. (626) 405-0348
Fax (626) 405-0890
4 | Bar No. 104897
E-mail: yhshuai@gmail.com
5 |
Attorney for John Tam, Jamie Yang,
6 | and Corey Fong

7 |

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 | ACTIVISION PUBLISHING, INC., a                )
Delaware corporation,                          ) Case No. C 07-03536 MEJ
11 |                                               )
                          Plaintiff,            ) REDACTED DECLARATION OF YEE-
12 |                                               ) HORN SHUAI IN SUPPORT OF
        vs.                                     ) DEFENDANTS JOHN TAM, COREY FONG
13 |                                               ) AND JAMIE YANG'S REPLY TO ALL
JOHN TAM, an individual, JAMIE YANG, an    ) DEFENDANTS' OPPOSITIONS TO THEIR
14 | individual, COREY FONG, an individual,         ) MOTION FOR ORDER DETERMINING
DOUG KENNEDY, an individual, HONG YIP )         GOOD FAITH SETTLEMENT AND
15 | LOW, an individual, RAYMOND YOW, an            ) BARRING OF FUTURE CLAIMS
individual, REVERB COMMUNICATIONS,          ) AGAINST SETTLING PARTIES
16 | INC., a California corporation, and THE ANT    )
COMMANDOS, INC., a California               )
17 | corporation,                                   )
                                               )
18 |                          Defendants.          )
                                               )
19 |

20 | CONFIDENTIAL

21 | CONTAINS MATERIALS DESIGNATED BY ACTIVISION AS CONFIDENTIAL SUBJECT

22 | TO A PROTECTIVE ORDER ENTERED IN THIS ACTION. IT IS NOT TO BE OPENED

23 | NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC,

24 | EXCEPT BY ORDER OF THE COURT.

25 |

26 |

27 |

28 |

YHS/fs/081607/107001 Redacted Mtn Good Faith Stmt Determination 01, Reply, Shuai Decl 01.wpd                    1

1    I, Yee-Horn Shuai, declare and say:

2    1.    I am an attorney licensed to practice law in the State of California, and the

3    attorney of record for defendants John Tam, Corey Fong and Jamie Yang.

4    2.    This declaration is made upon my own knowledge and if sworn as a witness, I can

5    competently testify to the truth of the facts set forth herein.

6    3.    Before filing the Tam Defendants' motion for good faith settlement

7    determination, I talked to Mr. Trevor Zink, the counsel for Reverb Communications, Inc. and

8    Doug Kennedy on more than one occasions and, on each occasion, he indicated that Reverb

9    Communications, Inc. and Doug Kennedy would not oppose my clients' motion for good faith

10   settlement determination.

11   4.    On or about June 8, 2007, I notified Mr. Mike Oswald, the counsel for the ACT

12   Defendants, and Mr. Trevor Zink, the counsel for Reverb Defendants, Tam Defendants' intent to

13   seek good faith settlement determination and invited them to join in a stipulation for a mutual

14   waiver of any possible indemnity and contribution claims against each other. Mr. Oswald

15   rejected the idea, and repeated his threat that, "We do intend to seek indemnity from Tam, Fong

16   and (perhaps) Yang." A true and correct copy of the email is attached hereto labeled Exhibit

17   "G".

18   5.    Had the TAC Defendants' counsel not repeatedly threatened to seeking indemnity

19   from the Tam Defendants, the Tam Defendants would not have filed the motion for good faith

20   determination. Had the Tam Defendants not filed the motion for good faith determination, none

21   of the other defendants would have known the terms and conditions of said confidential

22   settlement agreements.

23   6.    On or about August 9, 2007, I was quite surprised to receive the opposition papers

24   of the Reverb Defendants. I called Mr. Zink to find out the reason for the about-face. He gave

25   me few reasons and the main reason is that he had expressed to Mr. Oswald his clients' desire to

26   work with the TAC Defendants to negotiate a global settlement with Activision, and that,

27   however, the Mr. Oswald simply ignored his requests and failed to include the Reverb

28   Defendants in the negotiation of the settlement agreement. Mr. Zink said that, in fact, he found

YHS/fs/081607/107001 Redacted Mtn Good Faith Stmt Determination 01, Reply, Shuai Decl 01.wpd    2

DECLARATION OF YEE-HORN SHUAI IN SUPPORT OF DEFENDANTS JOHN TAM, COREY FONG
AND JAMIE YANG'S MOTION FOR ORDER DETERMINING GOOD FAITH SETTLEMENT

1    out after the TAC Defendants and Activision reached the settlement agreement that Activision

2    had told Mr. Oswald that Activision would settle with both the TAC Defendants and the Reverb

3    Defendants for an amount that is about $█████ more than the $█████ amount settled between

4    the TAC Defendants and Activision.

5         I declare under penalty of perjury under the laws of the State of California that the

6    foregoing is true and correct.

7         Executed on August 16, 2007, at Pasadena, California.

8

9

                                                    _____
10                                                   Yee-Horn Shuai

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF YEE-HORN SHUAI IN SUPPORT OF DEFENDANTS JOHN TAM, COREY FONG
AND JAMIE YANG'S MOTION FOR ORDER DETERMINING GOOD FAITH SETTLEMENT