IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., | No. C 07-3536 MEJ |
| Plaintiff(s), | **ORDER DENYING WITHOUT PREJUDICE MOTIONS FOR GOOD FAITH SETTLEMENT; VACATING HEARING** |
| vs. | |
| JOHN TAM, et al., | **ORDER SCHEDULING CASE MANAGEMENT CONFERENCE** |
| Defendant(s). | |

Pending before the Court are two motions for good faith settlement determination: the first filed by Defendants Defendants The Ant Commandos, Inc., Hong Lip Yow, and Raymond Yow (collectively, "Ant Commandos Defendants") (Doc. #3); the second filed by John Tam, Corey Fong, and Jamie Yang (collectively, "Tam Defendants") (Doc. #6).  Pursuant to Civil Local Rule 7-1(b), the Court finds it appropriate to take the motions under submission for decision without oral argument and hereby VACATES the August 30, 2007 hearing.  Based upon all papers filed to date, the Court DENIES the motions.

Under California Code of Civil Procedure section 877.6, a party to a proposed settlement may move the Court for an order making a determination that the settlement was made in good faith. Section 877.6 further provides that "[a] determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor from any further claims against the settling tortfeasor for equitable comparative contribution, or partial or comparative indemnity, based on comparative

negligence or comparative fault." Cal Civ Pro § 877.6(c).  A settlement is deemed to be in good faith if it is within the "reasonable range" of the settling tortfeasor's share of liability for the plaintiff's injuries, taking into consideration the facts and circumstances of the particular case. *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal.3d 488, 499 (1985).  To determine whether a proposed settlement fits that description, the Court should consider the following factors: (1) a rough approximation of the settlor's proportionate liability; (2) the amount of the settlement; (3) the fact that a settlor should pay less in settlement than the amount of damages for which the settlor would be liable at trial; (4) the financial condition of the settling defendant; and (5) the existence or absence of any collusion, fraud or tortious conduct aimed to injure the interests of any non-settling defendants. *Id.*

In the present case, there appears to be disputed factual issues bearing on the degree of fault of the settling defendants relative to the other alleged tortfeasors, as well the ability to pay and overall financial condition of the settling defendants.  There also appears to be factual issues regarding Activision's potential recovery, with estimates greatly in excess of the proposed settlements.  In light of these factual issues, the Court cannot say for certain that the proffered settlements are within a "reasonable range" of the Tam Defendants and Ant Commandos Defendants' share of liability for Activision's alleged injuries.  Further, the Court is sensitive to the fact that Defendants Doug Kennedy and Reverb Communications, Inc. would remain in the case and could potentially be held liable for far more than their proportionate liability.  Therefore, the Court must deny the motions for determination of good faith settlement.

Nothing in this Order is intended to preclude any defendants from renewing their motions if, at some future point in the lawsuit, the factual issues surrounding total potential liability and an approximation of each settlor's proportionate liability are more clear.

Finally, as this case was transferred from another district and no case management order is in place, the Court shall conduct a Case Management Conference on September 13, 2007 at 10:00 a.m. in Courtroom B, 15th Floor, 450 Golden Gate Avenue, San Francisco, California.  The parties shall file a joint case management statement by September 6, 2007.  In preparing their statement, the

2

parties shall utilize the format described in the Standing Order for All Judges of the Northern District of California, a copy of which may be found on the Court's website.

**IT IS SO ORDERED.**

Dated: August 20, 2007

_____
MARIA-ELENA JAMES
United States Magistrate Judge

3