1   Robert W. Dickerson (State Bar No. 89,367)
    rwdickerson@jonesday.com
2   Michael A. Tomasulo (State Bar No. 179,389)
    matomasulo@jonesday.com
3   JONES DAY
    555 South Flower Street, Fiftieth Floor
4   Los Angeles, CA  90071-2300
    Telephone:  (213) 489-3939
5   Facsimile:   (213) 243-2539
    Attorneys for Plaintiff
6   ACTIVISION PUBLISHING, INC.

7   Kurt E. Wilson (State Bar No. 121,63)
    kwilson@smwb.com
8   SWEENEY, MASON, WILSON &
    BOSOMWORTH
9   983 University Avenue, Suite 104C
    Los Gatos, CA 95032-7637
10  Telephone:  (408) 356-3000
    Attorneys for Defendants
11  DOUG KENNEDY AND REVERB
    COMMUNICATIONS, INC.

12

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15

16  ACTIVISION PUBLISHING, INC.,          Case No. C-07-3536 MEJ

17              Plaintiff,                **CASE MANAGEMENT
                                          STATEMENT**
18        v.

19  JOHN TAM, an individual, JAMIE        Scheduling Conference set for
    YANG, an individual, COREY FONG,      September 13, 2007, at 10:00 a.m.
20  an individual, DOUG KENNEDY, an
    individual, HONG LIP YOW, an
21  individual, RAYMOND YOW, an
    individual, REVERB
22  COMMUNICATIONS, INC., a
    California corporation, and THE ANT
23  COMMANDOS, INC., a California
    corporation,
24
                Defendants.
25

26

27

28

1    Plaintiff Activision Publishing, Inc. ("Activision") and Defendants Doug

2  Kennedy and Reverb Communications, Inc., (collectively "Defendants"), by and

3  through their attorneys, hereby jointly report on the status of the case, pursuant to

4  the Court's Order of August 20, 2007.  To the extent that the issues overlap, the

5  parties refer to and expressly incorporate the Joint Report of Parties Pursuant to

6  Fed. R. Civ. P. 26(f), filed on April 10, 2007, a copy of which is attached hereto as

7  Exhibit A ("Joint Report"):

8  **I.    Jurisdiction and Service.**

9    All defendants currently named in the case have been served.  Defendants

10  John Tam, Jamie Yang, Corey Fong, Hong Lip Yow, Raymond Yow and The Ant

11  Commandos, Inc. have all settled with Activision.  Jurisdiction is based on the

12  following:

13  • The first and second claims for relief are for copyright infringement, which

14    arises under 17 U.S.C. § 501, *et seq.*, and violation of Section 43(a) of the

15    Lanham Act, 15 U.S.C. § 1125(a).  This court has original subject matter

16    jurisdiction pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338(a) and

17    15 U.S.C. § 1121(a).

18  • The third claim for relief is for violation of the Computer Fraud and Abuse

19    Act, 18 U.S.C. § 1030, *et seq.*  This court has original subject matter

20    jurisdiction over this claim pursuant to 18 U.S.C. § 1030(g).

21  • This Court has supplemental jurisdiction over Plaintiff's fourth through

22    fourteenth causes of action under 28 U.S.C. § 1367(a).  These claims are so

23    related to the other claims in this case over which this Court has original

24    jurisdiction that they form a part of the same case or controversy under

25    Article III of the United States Constitution.

26  **II.   Facts:**

27    The parties refer to the Joint Report, Ex. A, which sets forth a summary of

28  the facts at issue in this case.

III.    **Legal Issues**

Plaintiff contends that the following are the primary legal issues in the case:

- whether the Tam demo copied elements from the Guitar Hero game in violation of 17 U.S.C. §501;

- whether Defendants' conduct constitutes unfair competition in violation of 15 U.S.C. § 1125(a);

- whether the information used and/or disclosed in furtherance of the Lodestone business constitutes confidential or trade secret information in accordance with California common law or California Civil Code Section 3426;

- whether Defendants used or disclosed Activision confidential or trade secret information;

- whether Defendants participated in a conspiracy with the other named defendants in which Activision's computers were improperly accessed in violation of 18 U.S.C. § 1030(a)(4) and (a)(5)(B);

- whether Defendants participated in a conspiracy with the other named defendants in which Activision's computers were knowingly accessed without permission and files were copied to defraud Activision and wrongfully obtain its confidential and trade secret information; and

- whether the employment agreements with John Tam, Jamie Yang and Corey Fong were valid and whether Defendants induced breach of those contracts.

///
///
///
///
///
///

## IV.  Motions

The following motions have been previously filed and ruled upon:

| Motion | Disposition of Motion |
|---|---|
| Plaintiff's *Ex Parte* Application for Temporary Restraining Order and for Leave to Proceed by Order to Show Cause as to Preliminary Injunction | Stipulated as to Defendants Tam, Yang, Fong, Kennedy and Reverb; Granted as to Defendants R. Yow, H. Yow and The Ant Commandos;<br><br>Additionally, stipulated preliminary injunctions were entered as to Defendants Tam, Yang, Fong, Kennedy and Reverb and the Court granted a preliminary injunction against The Ant Commandos, R. Yow and H. Yow |
| Plaintiff's *Ex Parte* Application For Entry Of An Order To Preserve Evidence And For Expedited Discovery | Granted |
| Motion for Order Determining Good Faith Settlement Between Plaintiff and Defendants John Tam, Jamie Yang and Corey Fong and Barring of Future Claims | Denied |
| Motion for Order Determining Good Faith Settlement Between Plaintiff and Defendants The Ant Commandos, Hong Lip Yow and | Denied |

| Motion | Disposition of Motion |
|--------|----------------------|
| Raymond Yow | |
| Defendants The Ant Commandos, Hong Lip Yow and Raymond Yow, Doug Kennedy and Reverb Communications, Inc. Joint Motion to Continue Trial Date | Taken off calendar in view of case transfer |

The parties anticipate the following motions to be filed:

By Activision:

- Motion to Amend Complaint – to add Tracie Snitker as a defendant
- Motion for Summary Judgment – on at least Activision's claims for intentional interference with contract, copyright infringement, breach of confidence and trade secret misappropriation
- Discovery Motions – to compel production of financial documents, such as tax returns

By Defendants:

- Defendants do not anticipate filing any motions at this time.

## V.    Disclosures

Both Activision and Defendants served Rule 26 disclosures. Activision contends that Defendants' disclosures were untimely and insufficient.

## VI.    Amendment of Pleadings

Activision expects to amend its Complaint to add Tracie Snitker as a defendant. Activision proposes November 1, 2007 as the deadline by which to amend the pleadings.

## VII.  Evidence Preservation

Activision has sent a communication to persons believed to have relevant documents or files to the case requesting that they not destroy documents related to the case.  Reverb has notified its employees of this matter and instructed them to preserve all documents and/or files relevant to the case.

## VIII. Discovery

As between Activision and Defendants, the following discovery has been served/taken:

- **Depositions**: Activision has taken the following partial depositions: Defendant Doug Kennedy (2/2/07), Defendant John Tam (2/13/07), Defendant Jamie Yang (2/15/07), Defendant Raymond Yow (2/21/07) and Defendant Hong Lip Yow (2/22/07).  Reverb has noticed three 30(b)(6) Depositions of Activision.  In view of scheduling conflicts and settlement negotiations, dates for those depositions have not been agreed upon.

- **Written Discovery Served as Between Activision and Defendants Reverb and Kennedy:**

| DATE | DESCRIPTION OF WRITTEN DISCOVERY |
| --- | --- |
| 01/24/07 | Activision's Document Requests to Doug Kennedy and Reverb Communications Ex Parte Application for Expedited Discovery |
| 05/02/07 | Activision's First Set of Document Requests to Doug Kennedy (Nos. 1-143) |
| 05/02/07 | Activision's First Set of Document Requests to Reverb (Nos. 1- 143) |
| 05/03/07 | Document Subpoena to William Townsend, Ward of Young Ward Attorneys, Sonora, CA |
| 05/03/07 | Document Subpoena to Young Ward of Young Ward Attorneys, Sonora, CA |
| 05/14/07 | Reverb's First Set of Requests for Admission (Nos. 1-6) |
| 05/14/07 | Reverb's First Set of Document Requests (Nos. 1-7) |

| DATE | DESCRIPTION OF WRITTEN DISCOVERY |
|---|---|
| 05/14/07 | Reverb's First Set of Interrogatories to Activision  (Nos. 1-17) |
| 05/21/07 | Activision's First Set of Interrogatories to Doug Kennedy  (Nos. 1-12) |
| 05/21/07 | Activision's First Set of Requests for Admissions to Doug Kennedy (Nos. 1-323) |
| 05/21/07 | Activision's First Set of Requests for Admissions to Reverb  (Nos. 1-323) |
| 05/21/07 | Activision's Second Set of Document Requests to Doug Kennedy (Nos. 144-147) |
| 05/21/07 | Activision's Second Set of Document Requests to Reverb  (Nos. 144-154) |
| 05/21/07 | Activision's First Set of Interrogatories to Reverb  (Nos. 1-12) |

The parties propose the following discovery plan for the remainder of the case:

| | |
|---|---|
| Fact discovery cut-off: | December 31, 2007 |
| Opening expert reports: | January 31, 2008 |
| Rebuttal expert reports: | February 28, 2007 |
| Expert discovery cut-off: | March 31, 2008 |

The parties also refer to the Joint Report, Ex. A, which sets forth additional agreements regarding discovery.

**IX.    Class Actions**

Not applicable

**X.    Related Cases**

Not applicable

XI.  **Relief**

Activision's Statement regarding relief:

As more specifically detailed in Activision's interrogatory response, Kennedy and Reverb are jointly and severally liable for all of the damages caused by all of the acts of all members of the conspiracy, regardless of the nature of and specific harm caused by their individual actions.

Based on the acts of copyright infringement, Activision is entitled to damages and profits or, in the alternative, statutory damages. Further, because Kennedy and Reverb's actions show a conscious and affirmative disregard for Activision's intellectual property rights in Guitar Hero™, they would be subject to enhanced damages of $150,000 per infringing act, or $300,000. 17 U.S.C. § 504(c). An award of attorneys' fees and costs is also justified for the defendants' conduct. 17 U.S.C. § 505.

Activision's unreleased Guitar Hero II™ software includes Activision's confidential and trade secret information. Activision is entitled to actual damages and unjust enrichment or a reasonable royalty for the misappropriation of the Guitar Hero II™ software.  Based on the discovery that has been conducted to date, and based on licenses that Activision has negotiated, Activision would be entitled to a royalty rate ranging up to 15%, with a minimum guarantee payment.

Kennedy and Reverb misappropriated confidential and trade secret information aside from the unreleased Guitar Hero II™ software. Activision's damages for this misappropriation include but are not limited to:

-- **Damages and unjust enrichment or a reasonable royalty for the misappropriated information**: Because Kennedy and Reverb misappropriated the idea and plans for a spin-off game from the Guitar Hero™ franchise, which has been a top selling franchise, a reasonable royalty would be extremely high, estimated to total in the millions of dollars.

1    **-- Damages associated with computer inspections necessitated by the**

2    **misappropriation**: To date, these costs are approximately $32,150.

3    **-- Recruiting and replacement costs**: Activision has suffered at least

4    $200,000 in damages in connection with recruiting and replacement costs.

5    **-- Other compensatory damages**: At least $71,100

6    **-- Exemplary damages and attorney's fees**.

7    With respect to damages, California Penal Code §502(e)(1) provides for

8    compensatory damages which are, to date, $32,150. Additionally, under CA. Penal

9    Code §502(e)(2), Activision is entitled to an award of its reasonable attorneys' fees.

10   Activision is entitled to recover all damages it suffered from Reverb and

11   Kennedy inducing the breach of the aforementioned contracts. Activision's

12   damages include:

13   **-- Damages associated with computer inspections necessitated by the**

14   **trade secret theft**, as previously detailed.

15   **-- Recruiting and replacement costs**, as previously detailed.

16   **-- Other compensatory damages**, as previously detailed.

17   **-- Punitive damages and attorneys' fees**.

18

19   Defendants' Statement regarding relief:

20   Reverb and Kennedy agree that if Activision establishes the existence of a

21   conspiracy, all of the co-conspirators may be found jointly and severally liable.

22   If Activision establishes that Reverb and/or Kennedy infringed its copyrights,

23   Activision may recover its actual damages and any profits gained by Reverb and/or

24   Kennedy.  Alternatively, Activision may elect to receive statutory damages.  Only if

25   Activision establishes that Reverb and/or Kennedy acted willfully could it be

26   entitled to enhanced statutory damages of $150,000.  17 U.S.C. § 505.  Based on

27   the fact that Reverb and Kennedy never willfully infringed any Activision

28

1  copyright, Activision should not recover its attorney's fees and costs even if it

2  establishes infringement.  17 U.S.C. § 505.

3      If Activision establishes that Reverb and/or Kennedy misappropriated its

4  trade secrets, Activision will be entitled to its actual damages and any unjust

5  enrichment of Reverb and Kennedy.  Only if Activision's actual damages and

6  Reverb and Kennedy's unjust enrichment cannot be calculated is it entitled to a

7  reasonable royalty.  Since Reverb and Kennedy never possessed, used or disclosed

8  any of Activision's trade secret information, Activision cannot recover anything by

9  way of a royalty even if such a remedy was appropriate.

10     If Activision can establish that Reverb and/or Kennedy wrongfully recruited

11  certain Activision employees thereby interfering with certain Activision contracts,

12  then Activision may recover its actual damages sustained thereby.

13     If Activision can establish Reverb and/or Kennedy's liability under

14  California Penal Code §502, it will be entitled to recover compensatory damages

15  and, in the Court's discretion, may be entitled to its reasonable attorneys' fees.

16     Activision has no basis for the awarding of punitive damages as against

17  Reverb and/or Kennedy.

18  **XII.   Settlement and ADR**

19     The parties had a formal mediation on August 2, 2007.  As late as yesterday,

20  the parties believed that they had finalized an agreement.  A dispute arose as to a

21  requirement for the settlement, and the parties failed to enter into an agreement.

22  **XIII.  Consent to Magistrate**

23     The parties consented to have the Magistrate Judge preside.

24  **XIV.  Other References.**

25     This case is not suitable for other reference.

26  **XV.   Narrowing of Issues**

27     The parties believe that some issues can be narrowed through summary

28  judgment motions.  The parties do not request bifurcation.

XVI. **Expedited Schedule**

The parties believe that an expedited schedule should be considered, as long as it provides sufficient time for the completion of discovery.

XVII. **Trial**

The parties preliminarily estimate that the time required for trial will be approximately 7 court days.  The parties agree that the trial will be by jury.

XVIII. **Disclosure of Non-party Interested Entities or Persons**

Activision previously filed a Notice of Interested Parties in accordance with Local Rule 7.1-1 of the Central District Local Rules.  Additionally, Activision states that the following entities known to Activision have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding:  Activision Publishing, Inc. and Activision, Inc.

Reverb and Kennedy filed a Notice of Interested Parties in accordance with Local Rule 7.1-1 of the Central District Local Rules.  The Notice stated that Reverb and Kennedy are not aware of any other persons or entities that may have a financial or other interest in this matter other than the named parties.

Dated:      September 6, 2007          Respectfully submitted,
JONES DAY

By: _____
Michael A. Tomasulo

Attorneys for Plaintiff
ACTIVISION PUBLISHING, INC.

1   Dated:      September 6, 2007        Respectfully submitted,
2                                        SWEENEY, MASON, WILSON &
                                         BOSOMWORTH
3
4                                        By: _____
5                                            Kurt E. Wilson
                                             Trevor Zink
6
                                         Attorneys for Defendants
7                                        DOUG KENNEDY AND REVERB
                                         COMMUNICATIONS, INC.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAI-2857694v1                            - 12 -

EXHIBIT A

Robert W. Dickerson (State Bar No. 89,367)
rwdickerson@jonesday.com
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071-2300
Telephone: (213) 489-3939
Facsimile: (213) 243-2539
Attorneys for Plaintiff
ACTIVISION PUBLISHING, INC.

Richard F. Cauley (State Bar. No. 109,194)
rcauley@WHGLawFirm.com
WANG HARTMANN & GIBBS PC
1301 Dove Street, Suite 1050
Newport Beach, California 92660
Telephone: (949) 833-8483
Facsimile: (949) 833-2281
Attorneys for Defendant
JAMIE YANG

Michael A. Oswald, Esq. (State Bar No. 87,299)    CV 07 - 0046 41A (Ex)
mao@oswald-yap.com
OSWALD & YAP
16148 Sand Canyon Avenue
Irvine, California 92618
Telephone: (949) 788-8900
Facsimile: (949) 788-8980
Attorneys for Defendants
THE ANT COMMANDOS, INC., HONG LIP
YOW AND RAYMOND YOW

Kurt E. Wilson (State Bar No. 121,63)
kwilson@smwb.com
SWEENEY, MASON, WILSON &
BOSOMWORTH
983 University Avenue, Suite 104C
Los Gatos, CA 95032-7637
Telephone: (408) 356-3000
Attorneys for Defendants
DOUG KENNEDY AND REVERB
COMMUNICATIONS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 1 ACTIVISION PUBLISHING, INC., | Case No. CV-07-00464 PA (Ex) |
| 2          Plaintiff, | **JOINT REPORT OF PARTIES** |
| 3     v. | **PURSUANT TO FED. R. CIV. P. 26(f)** |
| 4 JOHN TAM, an individual, JAMIE | |
| 5 YANG, an individual, COREY FONG, an individual, DOUG KENNEDY, an | Scheduling Conference set for April 23, 2007, at 10:30 a.m. |
| 6 individual, HONG LIP YOW, an individual, RAYMOND YOW, an | Honorable Percy Anderson |
| 7 individual, REVERB COMMUNICATIONS, INC., a | |
| 8 California corporation, and THE ANT COMMANDOS, INC., a California | |
| 9 corporation, | |
| 10          Defendants. | |

11

12       Plaintiff Activision Publishing, Inc. ("Activision") and Defendants Jamie

13  Yang, Doug Kennedy, Hong Lip Yow, Raymond Yow, Reverb Communications,

14  Inc., and The Ant Commandos, Inc. (collectively "Defendants"), by and through

15  their attorneys, hereby jointly report on the conference of parties and planning

16  meeting, held via telephone on March 29, 2007, pursuant to Fed. R. Civ. P. 26(f),

17  Local Rule 26-1, and this Court's Scheduling Meeting of Counsel (filed March 26,

18  2007):

19  **I.**    **Nature and Basis of Claims and Defenses – Fed. R. Civ. P. 26(f)**

20       <u>Plaintiff's statement</u>:  To provide a short synopsis of the principal issues in

21  the case, as set forth in its Complaint Activision claims that Defendants conspired

22  to steal Activision's confidential and trade secret information, infringe Activision's

23  copyrights and unfairly compete with Activision.  Based on these improper acts,

24  Activision brought this action for copyright infringement, violation of Section 43(a)

25  of the Lanham Act, violation of the Computer Fraud and Abuse Act, violation of

26  California Penal Code § 502, misappropriation of trade secrets, misappropriation of

27  confidential information, breach of contract, breach of duty of loyalty and fiduciary

28

1  duty, interference with contractual relations, interference with prospective

2  economic advantage, statutory and common law unfair competition and conversion.

3      The evidence collected thus far in this case shows that Defendants

4  encouraged John Tam, Corey Fong and Jamie Yang (the "Former Employees") to

5  leave their employment with Activision.  The correspondence between the

6  Defendants also demonstrates that the Former Employees forwarded confidential

7  and trade secret information to the other Defendants, and that the Former

8  Employees were encouraged by the other Defendants to misappropriate

9  Activision's trade secrets for use in their new venture, Lodestone Entertainment,

10  Inc.

11      Through Lodestone, Defendants planned to sell a video game ("Defendants'

12  Game") in competition with Activision's award-winning rhythm based music

13  games called Guitar Hero™ and Guitar Hero II™ (collectively the "Guitar Hero™

14  franchise").  Tam, working with Fong, directed an Activision employee and

15  Activision independent contractors to develop, at Activision's expense, a demo of

16  Defendants' Game (the "Tam Demo") for use by Defendants.  Defendants

17  reproduced, displayed, published, distributed, sold and/or promoted the Tam Demo

18  without Activision's authorization or consent and in violation of Activision's

19  copyrights in the audiovisual material associated with the Guitar Hero™ franchise.

20      Lodestone intended to target a confidential and proprietary Activision

21  corporate opportunity for the Guitar Hero™ franchise involving a certain

22  confidential third party that was known to Tam and Fong by virtue of their

23  employment with Activision.  As admitted by Tam and Fong in the Consent

24  Judgment filed with this Court, Defendants intended to and did use the Tam Demo

25  to solicit partners and funds for Lodestone, and the Defendants' decision to target

26  and/or partner with the third party was based on Activision's confidential and trade

27  secret information.

28

1    The case law is clear that each co-conspirator is liable for the acts of the

2    conspiracy, including those of other co-conspirators in furtherance of the

3    conspiracy, so each of the Defendants is jointly and severally liable for the whole.

4    Settlements have so far been reached with two of the defendants, resulting in,

5    among other things, the entry of Consent Judgments and Permanent Injunctions as

6    to them.  All of the other Defendants except TAC (and its principals the Yows)

7    have stipulated to Preliminary Injunctions.

8    <u>Defendants Doug Kennedy and Reverb Communications' statement:</u>

9    Defendant John Tam approached Reverb and Doug Kennedy with a proposal to

10    start a company that would develop and market a variety of video games

11    ("Lodestone").  For several months, Mr. Kennedy, The Ant Commandos ("TAC"),

12    Mr. Tam, Corey Fong, and Jamie Yang investigated the possibility of starting

13    Lodestone.  The Former Employees repeatedly informed Mr. Kennedy that they

14    were all very dissatisfied with Activision's corporate culture and intended to leave

15    the company.  Reverb and Mr. Kennedy never encouraged any of the Former

16    Employees to leave Activision's employment, nor did anything said by Reverb

17    and/or Mr. Kennedy contribute to any of the Former Employees' desire to leave

18    Activision.

19    Reverb and/or Mr. Kennedy never asked or encouraged anyone to steal, use,

20    and/or disclose any Activision confidential and/or trade secret information.  Reverb

21    and/or Mr. Kennedy never illegally received any Activision confidential and/or

22    trade secret information.  The demo disc Mr. Tam gave to TAC was developed by

23    Mr. Tam from an open source software program called Stepmania.  Reverb and/or

24    Mr. Kennedy never received or saw the demo disc that allegedly contains

25    Activision's confidential and/or trade secret information.  The budget document

26    sent to Mr. Kennedy that Activision claims contains confidential and/or trade secret

27    information contains only information that is publicly available, was not seen by

28

LAI-2857694v1

- 4 -

1  Reverb and/or Mr. Kennedy prior to this litigation, and was never used or disclosed
2  by Reverb and/or Mr. Kennedy at any time.
3      No one ever accepted Mr. Tam's proposal to start Lodestone, and Lodestone
4  never went beyond the investigative stage.  Lodestone was never formed, never
5  employed anyone, never leased any office space, never owned any assets, never
6  developed any product, never had any customers, never received any funding, and
7  never did any business of any kind.  Immediately after Activision notified Reverb
8  and Mr. Kennedy of its allegations against the Former Employees, Reverb and Mr.
9  Kennedy stopped all communications in furtherance of Lodestone.  Reverb and Mr.
10 Kennedy quickly obtained counsel and immediately began fully cooperating with
11 Activision in its investigation.  Reverb and Mr. Kennedy informally provided
12 Activision with all of the documents and information it requested, agreed to an
13 expedited deposition, and repeatedly assured Activision in unambiguous, written
14 statements that they never used or disclosed, and would never use or disclose, any
15 Activision information they received from the Former Employees.
16      Defendants claim that Activision cannot allege any damage that resulted
17 from any of Reverb's and/or Mr. Kennedy's actions.  Reverb and/or Mr. Kennedy
18 never received, used, or disclosed any Activision confidential and/or trade secret
19 information.  Even if Activision could establish that the Former Employees
20 provided Reverb and/or Mr. Kennedy with Activision's confidential, trade secret
21 information, Activision cannot establish any damage because Reverb and/or Mr.
22 Kennedy never used or disclosed any of the information.  The well-established
23 California case law holds that misappropriation of a trade secret without "use or
24 disclosure" is insufficient to bring about liability on a defendant.
25      <u>Defendants The Ant Commandos, Raymond Yow and Hong Yow's</u>
26 <u>statement</u>:  Defendant John Tam had been dissatisfied with his position at
27 RedOctane and Activision and in October 2006, approached Reverb and Doug
28 Kennedy with a proposal to develop and market a variety of video games

1  ("Lodestone"). For several months, Mr. Kennedy, The Ant Commandos ("TAC"),

2  Mr. Tam, Corey Fong, and Jamie Yang investigated the possibility of starting

3  Lodestone. They were introduced to TAC by Kennedy. Tam, Fong, and Yang (the

4  "Former Employees") repeatedly informed TAC and Kennedy that they were all

5  very dissatisfied with Activision's corporate culture and intended to leave the

6  company.

7      TAC and its officers did not believe that any of the information provided by

8  the Former Employees was trade secret information. They were unaware of the

9  terms of the Former Employees' contracts until early January 2007, just days before

10  the filing of this action.

11      TAC and its officers also contend that Activision did not sustain any damage

12  resulting from their actions even if the data provided by the Former Employees was

13  indeed trade secret information. In addition, TAC and its officers contend that

14  Activision is attempting to use this action and the injunctive power of the court to

15  obtain a competitive advantage over TAC in the video game peripheral market.

16  **II.  Arrangements for Rule 26(a)(1) Initial Disclosures – Fed. R. Civ. P.**

17  **26(f)(1)**

18      The parties agree that each party will make its initial disclosures on or before

19  April 16, 2007. With respect to the timing, form or requirement for disclosures, the

20  parties do not believe that any changes need to be made.

21  **III.  Subjects for Discovery – Fed. R. Civ. P. 26(f)(2)**

22      The parties generally discussed the subjects for discovery, as well as a

23  proposed discovery schedule. The general subjects on which Activision anticipates

24  it will need discovery include at least: (1) Defendants' infringement of Activision's

25  copyright; (2) Defendants' misappropriation of Activision's trade secrets and

26  confidential information; (3) the willfulness of Defendants' infringement and

27  misappropriation; (4) Defendants' disclosure and/or promotion of Defendants'

28  demo and the financial information associated therewith; (5) Activision's damages;

LA1-2857694v1

1   and (6) Defendants' contentions concerning its affirmative defenses, including all

2   bases therefor.

3       Defendants Doug Kennedy and Reverb Communications anticipate that they

4   will need discovery on, at least, the following topics: (1) identity of the specific

5   information Activision contends is trade secret and stolen by Reverb and Mr.

6   Kennedy; (2) the specific factual basis supporting Activision's contention that the

7   subject information is, in fact, trade secret information; (3) the specific facts

8   supporting Activision's contention that Reverb and/or Mr. Kennedy used or

9   disclosed the subject information; and (4) the specific facts supporting Activision's

10  contention that it suffered damage as a result of Reverb and/or Mr. Kennedy using

11  or disclosing its trade secret information.

12      The TAC Defendants anticipate that they will need discovery on, at least, the

13  following topics: (1) identity of the specific information Activision contends is

14  trade secret; (2) the specific factual basis supporting Activision's contention that the

15  subject information is, in fact, trade secret information; (3) the specific facts

16  supporting Activision's contention that any Defendant used or disclosed the subject

17  information; (4) the specific facts supporting Activision's contention that it suffered

18  damage as a result of any act by TAC or its officers; 5) the terms of any settlements

19  with defendants who have settled with Plaintiff; and 6) The Former Employees

20  dissatisfaction with their employment and their prior attempts to obtain alternate

21  employment.

22      Defendant Yang anticipates that she will need discovery on, at least, the

23  topics listed by the TAC Defendants, Kennedy and Reverb.

24      The parties agree that discovery need not be conducted in phases, nor be

25  limited to or focused upon particular issues. The parties did not agree on the date

26  that discovery should be completed.

27

28      Activision's proposed discovery schedule is as follows:

LAI-2857694v1

- 7 -

1    Fact discovery cut-off:                            August 27, 2007

2    Opening expert reports:                            September 10, 2007

3    Rebuttal expert reports:                           October 1, 2007

4    Expert discovery cut-off:                          November 12, 2007

5    Last day to file dispositive motions:              December 10, 2007

6    Pretrial Conference:                               January 7, 2008

7    Trial:                                             February 11, 2008

8

9    Defendants' proposed discovery schedule is as follows:

10   Fact discovery cut-off:                            September 24, 2007

11   Opening expert reports:                            October 8, 2007

12   Rebuttal expert reports:                           October 29, 2007

13   Expert discovery cut-off:                          December 10, 2007

14   Last day to file dispositive motions:              January 7, 2008

15   Pretrial Conference:                               February 4, 2008

16   Trial:                                             March 10, 2008

17

18   **IV.    Issues Relating to E-Discovery – Fed. R. Civ. P. 26(f)(3)**

19         With regard to disclosure or discovery of electronically stored information,

20   the parties have generally discussed this issue and agree to exchange proposals and

21   form a separate agreement regarding electronic discovery.  This separate agreement

22   will also describe the form in which the electronic discovery will be produced.

23   **V.     Issues Relating to Claims of Privilege – Fed. R. Civ. P. 26(f)(4)**

24         The parties agreed on the procedure described in the Joint Stipulated

25   Protective Order to assert claims of privilege or protection after production.

26   **VI.    Changes to Discovery Limitations – Fed. R. Civ. P. 26(f)(5)**

27         The parties agreed that the depositions taken of experts and the depositions

28   taken in the case thus far should not be counted against the limitation of ten (10)

LAI-2857694v1

- 8 -

1   depositions.  Otherwise, the parties agree that no other changes should be made in
2   the limitations on discovery imposed under the Federal Rules of Civil Procedure,
3   and that no other limitations should be imposed, at this time.

4   **VII.**  **Discovery Orders – Fed. R. Civ. P. 26(f)(6)**

5        In connection with their production of documents, the parties have already
6   stipulated to a joint protective order governing the disclosure and filing of
7   confidential information.  The parties do not believe the Court should presently
8   enter any other orders under Rule 26(c) or under Rule 16(b) and (c).

9   **VIII. Matters Discussed Under Local Rule 26-1**

10        During the 26(f) meeting, the parties also discussed the items listed under
11   Local Rule 26-1.

12   A.    Complex Case – Local Rule 26-1(a)

13        The parties agree that this is not a "complex case" and that the procedures of
14   the Manual for Complex Litigation need not be utilized.

15   B.    Motion Schedule – Local Rule 26-1(b)

16        The parties anticipate filing one or more motions to dismiss and/or motions
17   for summary adjudication, but did not agree on a motion cutoff date.

18   C.    Settlement – Local Rule 26-1(c)

19        A settlement has been reached as to Defendants John Tam and Corey Fong,
20   and a Consent Judgment and Permanent Injunction as to these defendants was filed
21   with this Court on March 26, 2007.  The remaining parties are currently engaged in
22   settlement negotiations but have not agreed on material terms.  Activision has
23   provided each of these Defendants with a draft Settlement Agreement and Consent
24   Judgment.  Defendants Raymond Yow, Hong Lip Yow, TAC, Reverb
25   Communications and Doug Kennedy have proposed alternative Consent
26   Judgments.

27        The parties suggest that settlement procedure number four (4) from the
28   Court's Scheduling Meeting of Counsel, namely "such other mechanism proposed

LA1-2857694v1

1    by the parties and approved by the court," should be utilized at the earliest

2    practicable date.

3    D.    Trial Estimate – Local Rule 26-1(d)

4          The parties preliminarily estimate that the time required for trial will be

5    approximately 7 court days.  The parties agree that the trial will be by jury.

6    E.    Additional Parties – Local Rule 26-1(e)

7          The parties do not presently contemplate adding any parties.

8    F.    Expert Witnesses – Local Rule 26-1(f)

9          The parties propose that expert witness reports under Fed. R. Civ. P. 26(a)(2)

10   shall be made in accordance with the schedule as indicated above.

11   **IX.    Additional Matters Discussed Pursuant to Court's Order**

12         In addition to the foregoing, the parties also discussed the following items

13   pursuant to this Court's Scheduling Meeting of Counsel filed March 26, 2007.

14   A.    A listing and proposed schedule of written discovery and depositions

15         Should the parties not settle this matter within the next few weeks, a more

16   detailed schedule of written discovery will be discussed.  Presently, Defendants

17   propose taking the depositions of Charles Huang, John Tam, Corey Fong, Jamie

18   Yang, and Mark Johnson.  Activision does not foresee expanding the list of

19   deponents to many more than those listed by defendants.

20   B.    A listing and proposed schedule of law and motion matters

21         Defendants anticipate filing a motion for summary judgment on the copyright

22   infringement, breach of contract, breach of duty of loyalty and fiduciary duty,

23   interference with contractual relations, and interference with prospective economic

24   advantage claims.  Activision also expects to file a summary judgment motion, as

25   well as a motion to strike the affirmative defenses asserted by defendants Yang,

26   Hong Lip Yow, Raymond Yow and The Ant Commandos.

27

28

LAI-2857694v1

- 10 -

C.    <u>Any issues affecting the status or management of the case</u>

The parties do not presently foresee any issues affecting the status or management of the case.

D.    <u>Proposals regarding severance, bifurcation or other ordering of proof</u>

The parties do not anticipate issues on severance, bifurcation or ordering of proof, other than the possible bifurcation of Activision's punitive damages claim.

E.    <u>A statement of whether pleadings are likely to be amended</u>

The parties agree that the pleadings are not likely to be amended.

Dated:        April 10, 2007            Respectfully submitted,
                                        JONES DAY

                                        By:
                                            Robert W. Dickerson

                                        Attorneys for Plaintiff
                                        ACTIVISION PUBLISHING, INC.

LAI-2857694v1

- 11 -

1

2    Dated:        April _10_, 2007          Respectfully submitted,
                                            WANG HARTMANN & GIBBS PC
3

4                                           By: _____

5                                              Richard F. Cauley

6                                           Attorneys for Defendant
                                            JAMIE YANG
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAI-2857694v1

1
2      Dated:        April 10, 2007                    Respectfully submitted,
3                                                      OSWALD & YAP

4                                                      By: _____
5                                                          Michael A. Oswald

6                                                      Attorneys for Plaintiff
7                                                      THE ANT COMMANDOS, INC.,
                                                       HONG LIP YOW AND RAYMOND
8                                                      YOW

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAI-2857694v1

- 13 -

1

2  Dated:      April 10, 2007

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,
SWEENEY, MASON, WILSON &
BOSOMWORTH

By: _____
Kurt E. Wilson
Trevor Zink

Attorneys for Defendants
DOUG KENNEDY AND REVERB
COMMUNICATIONS, INC.

LA1-2857694v1

- 14 -

1

<u>PROOF OF SERVICE</u>

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 555 S. Flower Street, 50th Floor, Los Angeles, California 90071.

4

5

On April 10, 2007, I caused to be served the foregoing document described as JOINT REPORT OF PARTIES PURSUANT TO FED. R. CIV. P. 26(F) on all other parties to this action addressed as follows:

6

7

Richard F. Cauley, Esq.        Kurt E. Wilson, Esq.
Wang, Hartmann & Gibbs, PC    Sweeney, Mason, Wilson & Bosomworth

8

1301 Dove Street, Suite 1050    983 University Avenue, Suite 104C
Newport Beach, CA 92660      Los Gatos, CA 95032-7637
Facsimile: 949-833-2281      Facsimile: 408-354-8839

9

E-mail: rcauley@whglawfirm.com  E-mail: kwilson@smwb.com

10

Michael A. Oswald, Esq.

11

Oswald & Yap
16148 Sand Canyon Avenue

12

Irvine, CA 92618
Facsimile: 949-788-8980

13

E-mail: mao@oswald-yap.com

14

  X  **BY MAIL**

15

    I caused each such envelope to be deposited in the mail at Los Angeles, California. Each such envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and

16

processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that

17

on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for

18

mailing in affidavit.
EXECUTED on _April 10, 2007_ at Los Angeles, California.

19

       **BY FEDERAL EXPRESS**

20

    I caused each such envelope, with delivery fees provided for, to be served via Federal Express. I am "readily familiar" with the firm's practice of arranging

21

envelopes to be delivered on an overnight basis by Federal Express. Federal Express will send its authorized courier to pick up envelopes which bear

22

Jones Day's Federal Express Account Number at the firm's office in Los Angeles, California, and that thereafter Federal Express will deliver such

23

sealed envelopes on an overnight basis in the ordinary course of business.
EXECUTED on _April 10, 2007_ at Los Angeles, California.

24

  X  **BY FACSIMILE**

25

    I caused such document to be served via facsimile at the above-identified facsimile number, our telecopier confirming that the transmissions were

26

received intact.
EXECUTED on _April 10, 2007_ at Los Angeles, California.

27

28

LAI-2859843v1

1       X  **BY E-MAIL**

I caused such document to be served via e-mail at the above-identified e-mail

2     addresses.

EXECUTED on __April 10, 2007__ at Los Angeles, California.

3

         **BY PERSONAL SERVICE**

4     I caused each such envelope to be delivered by hand to the offices of the

addressee(s)

5     EXECUTED on __April 10, 2007__ at Los Angeles, California.

6      **X**  (Federal)     I declare that I am employed in the office of a member of the

                     Bar of this Court at whose direction the service was made.

7

8     *Frances Corrales*

9     Frances Corrales               Signature

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA1-2859843v1

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 555 S. Flower Street, 50th Floor, Los Angeles, California 90071.

On September 6, 2007, I caused to be served the foregoing document described as CASE MANAGEMENT STATEMENT on all other parties to this action addressed as follows:

Michael A. Oswald, Esq.
Oswald & Yap
16148 Sand Canyon Avenue
Irvine, CA 92618
Facsimile: 949-788-8980
E-mail: mao@oswald-yap.com

Kurt E. Wilson, Esq.
Trevor J. Zink, Esq.
Sweeney, Mason, Wilson & Bosomworth
983 University Avenue, Suite 104C
Los Gatos, CA 95032-7637
Facsimile: 408-354-8839
E-mail: kwilson@smwb.com
tzink@smwb.com

Yee-Horn Shuai, Esq.
Shuai & Associates
301 E. Colorado Boulevard, Suite 514
Pasadena, CA 91101
Facsimile: 626-405-0890
E-mail: yhshuai@gmail.com

__X__ **BY E-MAIL**
I caused such document to be served via e-mail at the above-identified e-mail addresses.
EXECUTED on __September 6, 2007__ at Los Angeles, California.

__X__ (Federal)      I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.


____Gloria C. Perez____
Type or Print Name

_____
Signature

LAI-2843493v2