1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  ACTIVISION PUBLISHING, INC., a<br>12  Delaware corporation,<br><br>13              Plaintiff,<br><br>14      v.<br><br>15  JOHN TAM, an individual, JAMIE<br>    YANG, an individual, COREY FONG,<br>16  an individual, DOUG KENNEDY, an<br>    individual, HONG LIP YOW, an<br>17  individual, RAYMOND YOW, an<br>    individual, REVERB<br>18  COMMUNICATIONS, INC., a<br>    California corporation, and THE ANT<br>19  COMMANDOS, INC., a California<br>    corporation,<br><br>20              Defendants.<br>21 | Case No. C 07-03536 MEJ<br><br>~~[PROPOSED]~~ **CONSENT<br>JUDGMENT AND PERMANENT<br>INJUNCTION AS TO<br>DEFENDANTS RAYMOND<br>YOW, HONG LIP YOW AND<br>THE ANT COMMANDOS, INC.** |

22

23

24

25

26

27

28

LAI-2876686v1

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

11

12

ACTIVISION PUBLISHING, INC., a Delaware corporation,

13

Plaintiff,

14

v.

15

16

17

18

19

JOHN TAM, an individual, JAMIE YANG, an individual, COREY FONG, an individual, DOUG KENNEDY, an individual, HONG LIP YOW, an individual, RAYMOND YOW, an individual, REVERB COMMUNICATIONS, INC., a California corporation, and THE ANT COMMANDOS, INC., a California corporation,

20

Defendants.

21

Case No. CV 07-00464 PA (Ex)

**[PROPOSED] CONSENT JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANTS RAYMOND YOW, HONG LIP YOW AND THE ANT COMMANDOS, INC.**

22

23

24

25

26

27

28

LAI-2876686v1

1    WHEREAS plaintiff Activision Publishing, Inc. ("Activision") and
2    defendants Hong Lip Yow, Raymond Yow and The Ant Commandos, Inc.
3    (collectively "Defendants") have agreed in a separate confidential agreement to
4    settlement of the matters in issue between them and to entry of this Consent
5    Judgment and Permanent Injunction, it is hereby ORDERED, ADJUDGED, AND
6    DECREED THAT:
7         1.    Activision alleged claims against Hong Lip Yow, Raymond Yow and
8    TAC for:  (1) copyright infringement under 17 U.S.C. § 501, *et seq.*; (2) violation
9    of Section 43(a) of the Lanham Act under 15 U.S.C. § 1125(a); (3) violation of the
10   Computer Fraud and Abuse Act pursuant to 18 U.S.C. §§ 1030(a)(4) and (a)(5)(B);
11   (4) violation of California Penal Code § 502; (5) misappropriation of trade secrets
12   under California Civil Code §§ 3426, *et seq.*; (6) misappropriation of confidential
13   information; (7) intentional interference with contractual relations; (8) interference
14   with prospective economic advantage; (9) California statutory unfair competition
15   under California Business and Professions Code § 17200, *et seq.*; and (10) common
16   law unfair competition.
17        2.    This Court has jurisdiction over all of the parties in this action and
18   over the subject matter in issue based on 28 U.S.C. §§1331, 1338(a) and 1367(a), as
19   well as 15 U.S.C. § 1121(a) and 18 U.S.C. § 1030(g).  This Court further has
20   continuing jurisdiction to enforce the terms and provisions of this Consent
21   Judgment and Permanent Injunction.  Venue is also proper in this Court pursuant to
22   28 U.S.C. §§1391(b).
23        3.    Plaintiff Activision is a Delaware corporation, having its principal
24   place of business at 3100 Ocean Park Boulevard, Santa Monica, California 90405.
25        4.    Defendant The Ant Commandos, Inc. ("TAC") is a California
26   corporation, having its principal place of business at 13521 Benson Avenue, Chino,
27   California 91710.
28

LAI-2876686v1

-2-

1    5.    Defendant Hong Yip Low, an individual, resides in California and is

2    President of TAC.

3    6.    Defendant Raymond Yow, an individual, resides in California and is

4    Director of Marketing of TAC.

5    7.    Activision is the owner of the copyright in the audiovisual material

6    associated with the Guitar Hero™ franchise, which has been registered in the

7    United States.  Copyright Registration PA-1-322-764 for the audio visual content of

8    Guitar Hero™ is valid and enforceable throughout the United States.

9    8.    Valid contracts exist between Activision and the Former Employees,

10   which expressly obligate them to maintain the confidentiality of Activision's trade

11   secrets and confidential information, and to not use such information in competition

12   with Activision.  Valid employment contracts existed between Activision and both

13   Jamie Yang and John Tam, which expressly obligated them to remain employed

14   with Activision through at least May 31, 2007.

15   9.    Activision Proprietary Information[1] includes, but is not limited to, the

16   following confidential and trade secret information, which derives independent

17   _____

18   [1] Activision Proprietary Information includes, but is not limited to, any and
     all trade secrets, confidential knowledge, data or any other proprietary information

19   pertaining to any business of the Company or any of its clients, customers or
     consultants, licensees or affiliates.  By way of illustration but not limitation,

20   Activision Proprietary Information includes (a) inventions, ideas, improvements,

21   discoveries, trade secrets, processes, data, programs, knowledge, know-how,
     designs, techniques, formulas, test data, computer code, other works of authorship

22   and designs whether or not patentable, copyrightable, or otherwise protected by
     law, and whether or not conceived of or prepared by me, either alone  or jointly

23   with others; (b) information regarding research, development, new products and
     services, marketing plans and strategies, merchandising and selling, business plans,

24   strategies, forecasts, projections, profits, investments, operations, financings,

25   records, budgets and unpublished financial statements, licenses, prices and costs,
     suppliers and customers; and; information regarding research, development, new

26   products and services, marketing plans and strategies, merchandising and selling,

27   business plans, strategies, forecasts, projections, profits, investments, operations,

28   financings, records, budgets and unpublished financial statements, licenses, prices

LAI-2876686v1                                        - 3 -

1  economic value from not being generally known to the public or to other persons
2  who can obtain economic value from its disclosure or use:

3          (a)    Financial information related to the Guitar Hero™ franchise,
4  including but not limited to, profit and loss information, cost information,
5  expenses, contract terms, sales numbers and forecasts, information contained
6  in the Guitar Hero II™ Budget Summary, information contained in the Guitar
7  Hero II™ North American Xbox 360™ Strategy PowerPoint, information
8  contained in the Variable Sales & Marketing spreadsheet,

9          (b)    Marketing information related to the Guitar Hero™ franchise,
10  including but not limited to marketing partners, contract terms, marketing
11  categories, information contained in the Guitar Hero™ franchise plans, and
12  identified growth areas for the Guitar Hero™ franchise,

13          (c)    Product information related to the Guitar Hero™ franchise,
14  including but not limited to product design, such as the design for the Guitar
15  Hero II™ Xbox 360™ controller design, future product ideas and designs,

16          (d)    Profit and loss statements developed by the Former Employees
17  which were derived from the Guitar Hero™ franchise financial information,
18  including such statements developed for Hourglass Interactive and/or
19  Lodestone Entertainment,

20          (e)    Information related to music licensing and in game advertising
21  for the Guitar Hero™ franchise, including but not limited to contract terms,
22  identities of possible future songs and artists to include, and identities of
23  partners for licensing or in game advertising, and

24  _____
(continued...)
25
and costs, suppliers and customer; and (c) identity, requirements, preferences,
26  practices and methods of doing business of specific parties with whom the
Company transacts business, and information regarding the skills and compensation
27  of other employees of the Company and independent contracts performing services
28  for the Company.

LAI-2876686v1                                    - 4 -

(f)    Vendor information related to the Guitar Hero™ franchise, including but not limited to vendor identities and contact lists, vendor pricing, and vendor contract terms.

10.    Based upon the stipulation of the parties, it is hereby ORDERED, ADJUDGED AND DECREED THAT:

A.    Hong Lip Yow, Raymond Yow and TAC shall pay Activision Publishing, Inc. damages in the amount of two hundred fifty thousand dollars ($250,000). This obligation is joint and several.

B.    Hong Lip Yow, Raymond Yow, TAC, their, officers, directors, agents, servants, employees, attorneys, and those in active concert or participation with any of them who receive actual notice of this injunction by personal service or otherwise ARE RESTRAINED AND ENJOINED from:

    1.    Copying, distributing, displaying or using any content derived or copied from the Guitar Hero™ or Guitar Hero II™ video game;

    2.    Copying, distributing, displaying or using the game demo created by John Tam based on Guitar Hero™ and StepMania, screenshots of which are attached hereto as **Exhibit 1** (the "Tam Demo") and/or copying, distributing, displaying or using any content derived or copied therefrom;

    3.    Manufacturing, selling, offering for sale, advertising or distributing the Tam Demo or any rhythm-based video game including or derived from any Activision Proprietary Information;

    4.    Taking any steps to develop, market, manufacture, sell or distribute any guitar or drum based video games, with the exception of any work that TAC can establish through documentary evidence was independently developed without the involvement of Corey Fong, Jamie Yang, John Tam, Reverb Communications and/or Doug

LAI-2876686v1

1    Kennedy, or is otherwise based on work with respect to existing

2    products that do not use any of Activision's Proprietary Information;

3    5.    Using, disclosing, transferring, distributing or reproducing any

4    Activision Proprietary Information and any materials or information

5    derived therefrom, including but not limited to, using it in connection

6    with developing a music or rhythm-based game, or in starting a

7    company, said Activision Proprietary Information including but not

8    limited to:

9    •    Financial information related to the Guitar Hero™ franchise,

10    including but not limited to, profit and loss information, cost

11    information, expenses, contract terms, sales numbers and

12    forecasts, information contained in the Guitar Hero II™ Budget

13    Summary, information contained in the Guitar Hero II™ North

14    American Xbox 360™ Strategy PowerPoint, information

15    contained in the Variable Sales & Marketing spreadsheet,

16    •    Marketing information related to the Guitar Hero™ franchise,

17    including but not limited to marketing partners, contract terms,

18    marketing categories, information contained in the Guitar

19    Hero™ franchise plans, and identified growth areas for the

20    Guitar Hero™ franchise,

21    •    Product information related to the Guitar Hero™ franchise ,

22    including but not limited to product design, and future product

23    ideas and designs as identified in the franchise plan or any other

24    documents produced in this case,

25    •    Profit and loss statements developed by the Former Employees

26    which were derived from Guitar Hero™ franchise financial

27    information, including such statements developed for

28    Lodestone,

LAI-2876686v1

- 6 -

- Information related to music licensing and in game advertising for the Guitar Hero™ franchise, including but not limited to contract terms, identities of possible future songs and artists to include, and identities of partners for licensing or in game advertising, and

- Vendor information related to the Guitar Hero™ franchise, including but not limited to vendor identities and contact lists, vendor pricing, and vendor contract terms;

6. Disclosing, transferring, distributing, reproducing or using any of the business plans developed by the Former Employees or otherwise derived from those individuals for Hong Lip Yow, Raymond Yow, TAC, or for Lodestone;

7. Soliciting Activision employees for a period of one (1) year;

8. Taking any steps to develop, market, manufacture, sell (except for resale only) or distribute any of the confidential peripheral devices disclosed in Appendix A to the confidential Settlement Agreement for a period of four (4) months;

9. Soliciting any of the Activision partners and growth areas identified in Appendix B to the confidential Settlement Agreement with respect to any business relationship that relates to a music-based, interactive video game that includes the use of a simulated guitar, drum, keyboard or synthesizer, or any peripheral devices for such a game, for a period of one (1) year;

10. Soliciting any of the Activision partners and growth areas identified in Appendix D to the confidential Settlement Agreement with respect to any business relationship that relates to a music-based, interactive video game that includes the use of a simulated guitar, drum, keyboard

LAI-2876686v1

- 7 -

1          or synthesizer, or any peripheral devices for such a game, for a period

2          of four (4) months; and

3       11.     Soliciting any of the manufacturing vendors identified in Appendix C

4          to the confidential Settlement Agreement for a period of one (1) year.

5   C.     Defendants shall, within five (5) days of entry of this Consent Judgment and

6     Permanent Injunction, deliver the documents and things listed below in their

7     possession, custody or control, including allowing for the inspection of the

8     computers of Raymond Yow and Hong Lip Yow to obtain such documents

9     and things, and shall file a written certification with the Court stating that

10     they have done so and have not retained any such documents and things or

11     any copies, electronic or otherwise, of such things:

12       1.      All Activision property, including but not limited to documents, files,

13          materials and things containing or derived from Activision Proprietary

14          Information and/or that Defendants acquired, received, and/or

15          developed from or with the Former Employees having anything to do

16          with the video game business; and

17       2.      All documents, files, materials and things related to the Lodestone

18          business venture and/or otherwise related to any communications with

19          or involving the Former Employees, Doug Kennedy, Reverb

20          Communications, Inc. and/or any third party with whom Defendants

21          communicated related to the Lodestone business venture.

22   D.     Service by mail upon the counsel of record of a copy of this Consent

23     Judgment and Permanent Injunction entered by the Court is deemed

24     sufficient notice to Defendants under Rule 65(d) of the Federal Rules of Civil

25     Procedure. It shall not be necessary for any Defendant to sign any form of

26     acknowledgement of service.

27   E.     Except as otherwise provided for in the Settlement Agreement, the parties

28     shall bear their own attorneys' fees and costs.

LAI-2876686v1

1

2  **IT IS SO ORDERED.**

3              September 13, 2007

4  Dated: ~~June ____, 2007~~                      By: _____

5                                                   Hon.
                                                    United ... Magistrate Judge

6                                                   Judge Maria-Elena James

7

8  APPROVED AS TO FORM AND CONTENT:

9

10  Dated: June 26, 2007                    JONES DAY

11

12                                          By: _Michael Tomasulo/au_
                                                Michael A. Tomasulo

13

14                                          Attorneys for Plaintiff
                                            ACTIVISION PUBLISHING, INC.

15  Dated: June 2[?], 2007                  OSWALD & YAP

16

17                                          By: _____

18                                              Michael A. Oswald

19                                          Attorneys for Defendants
                                            HONG LIP YOW, RAYMOND YOW AND
20                                          THE ANT COMMANDOS, INC.

21

22

23

24

25

26

27

28

LAI-2876686v1

- 9 -

# EXHIBIT 1



Screen Shot from
Tam Demo

EXHIBIT B PAGE 4



Screen Shot from
Tam Demo



Screen Shot from
Tam Demo

EXHIBIT PAGE



Screen Shot from
Tam Demo



Screen Shot from
Tam Demo



Screen Shot from
Tam Demo



Screen Shot from
Tam Demo