UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN TAM, an individual, JAMIE YANG, an individual, COREY FONG, an individual, DOUG KENNEDY, an individual, HONG LIP YOW, an individual, RAYMOND YOW, an individual, REVERB COMMUNICATIONS, INC., a California corporation, and THE ANT COMMANDOS, INC., a California corporation,<br><br>Defendants. | Case No. C-07-3536 MEJ<br><br>~~[PROPOSED]~~ CONSENT JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANTS DOUG KENNEDY AND REVERB COMMUNICATIONS, INC. |

LAI-2889937v2

[PROPOSED] CONSENT JUDGMENT AND PERMANENT INJUNCTION AS TO KENNEDY AND REVERB COMMUNICATIONS, INC.

1  WHEREAS plaintiff Activision Publishing, Inc. ("Activision") and defendants Doug Kennedy ("Kennedy") and Reverb Communications, Inc. ("Reverb") (collectively "Defendants") have agreed in a separate confidential agreement to settlement of the matters in issue between them and to entry of this Consent Judgment and Permanent Injunction, it is hereby ORDERED, ADJUDGED, AND DECREED THAT:

2.  1. Activision alleged claims against Doug Kennedy and Reverb Communications, Inc. for: (1) copyright infringement under 17 U.S.C. § 501, *et seq.*; (2) violation of Section 43(a) of the Lanham Act under 15 U.S.C. § 1125(a); (3) violation of the Computer Fraud and Abuse Act pursuant to 18 U.S.C. §§ 1030(a)(4) and (a)(5)(B); (4) violation of California Penal Code § 502; (5) misappropriation of trade secrets under California Civil Code §§ 3426, *et seq.*; (6) misappropriation of confidential information; (7) intentional interference with contractual relations; (8) interference with prospective economic advantage; (9) California statutory unfair competition under California Business and Professions Code § 17200, *et seq.*; and (10) common law unfair competition.

2. This Court has jurisdiction over all of the parties in this action and over the subject matter in issue based on 28 U.S.C. §§1331, 1338(a) and 1367(a), as well as 15 U.S.C. § 1121(a) and 18 U.S.C. § 1030(g). This Court further has continuing jurisdiction to enforce the terms and provisions of this Consent Judgment and Permanent Injunction. Venue is also proper in this Court pursuant to 28 U.S.C. §§1391(b).

3. Plaintiff Activision is a Delaware corporation, having its principal place of business at 3100 Ocean Park Boulevard, Santa Monica, California 90405.

4. Defendant Reverb is a California corporation, having its principal place of business at 18711 Tiffeni Drive, Suite K, Twain Harte, California 95383..

5. Defendant Kennedy, an individual, is Vice President of defendant Reverb and resides in Twain Harte.

6. Activision is the owner of the copyright in the audiovisual material associated with the Guitar Hero™ franchise, which has been registered in the United States. Copyright Registration PA-1-322-764 for the audiovisual content of Guitar Hero™ is valid and enforceable throughout the United States.

7. Valid contracts exist between Activision and the Jamie Yang, Corey Fong and John Tam (the "Former Employees"), which expressly obligate them to maintain the confidentiality of Activision's trade secrets and confidential information, and to not use such information in competition with Activision. Valid employment contracts existed between Activision and both Jamie Yang and John Tam, which expressly obligated them to remain employed with Activision through at least May 31, 2007.

8. Activision Proprietary Information[1] includes, but is not limited to, the following confidential and trade secret information, which derives independent economic value from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use:

---

[1] Activision Proprietary Information includes, but is not limited to, any and all trade secrets, confidential knowledge, data or any other proprietary information pertaining to any business of the Company or any of its clients, customers or consultants, licensees or affiliates. By way of illustration but not limitation, Activision Proprietary Information includes (a) inventions, ideas, improvements, discoveries, trade secrets, processes, data, programs, knowledge, know-how, designs, techniques, formulas, test data, computer code, other works of authorship and designs whether or not patentable, copyrightable, or otherwise protected by law, and whether or not conceived of or prepared by me, either alone or jointly with others; (b) information regarding research, development, new products and services, marketing plans and strategies, merchandising and selling, business plans, strategies, forecasts, projections, profits, investments, operations, financings, records, budgets and unpublished financial statements, licenses, prices and costs, suppliers and customers; and (c) identity, requirements, preferences, practices and methods of doing business of specific parties with whom the Company transacts business, and information regarding the skills and compensation of other employees of the Company and independent contractors performing services for the Company.

(a) Financial information related to the Guitar Hero™ franchise, including but not limited to, profit and loss information, cost information, expenses, contract terms, sales numbers and forecasts, information contained in the Guitar Hero II™ Budget Summary, information contained in the Guitar Hero II™ North American Xbox 360™ Strategy PowerPoint, information contained in the Variable Sales & Marketing spreadsheet,

(b) Marketing information related to the Guitar Hero™ franchise, including but not limited to marketing partners, contract terms, marketing categories, information contained in the Guitar Hero™ franchise plans, and identified growth areas for the Guitar Hero™ franchise,

(c) Product information related to the Guitar Hero™ franchise, including but not limited to product design, such as the design for the Guitar Hero II™ Xbox 360™ controller design, future product ideas and designs,

(d) Profit and loss statements developed by the Former Employees which were derived from Guitar Hero™ financial information, including such statements developed for Hourglass Interactive and/or Lodestone Entertainment,

(e) Information related to music licensing and in game advertising for the Guitar Hero™ franchise, including but not limited to contract terms, identities of possible future songs and artists to include, and identities of partners for licensing or in game advertising, and

(f) Vendor information related to the Guitar Hero™ franchise, including but not limited to vendor identities and contact lists, vendor pricing, and vendor contract terms.

9. Based upon the stipulation of the parties, it is hereby further ORDERED, ADJUDGED AND DECREED THAT:

LAI-2889937v2

- 4 -

[PROPOSED] CONSENT JUDGMENT AND PERMANENT INJUNCTION AS TO KENNEDY AND REVERB COMMUNICATIONS, INC.

A.  Kennedy and Reverb shall pay Activision damages in the amount of two hundred fifty thousand dollars ($250,000). This obligation is joint and several.

B.  Kennedy and Reverb, their, officers, directors, agents, servants, employees, attorneys, and those in active concert or participation with any of them who receive actual notice of this injunction by personal service or otherwise ARE RESTRAINED AND ENJOINED from:

1.  Copying, distributing, displaying or using any content derived or copied from the Guitar Hero™ or Guitar Hero II™ video game;

2.  Copying, distributing, displaying or using the game demo created by John Tam based on Guitar Hero™ and StepMania, screenshots of which are attached hereto as **Exhibit 1** (the "Tam Demo") and/or copying, distributing, displaying or using any content derived or copied therefrom;

3.  Manufacturing, selling, offering for sale, advertising or distributing the Tam Demo, or any rhythm based video game including or derived from any Activision Proprietary Information;

4.  Taking any steps to develop, market, manufacture, sell or distribute any guitar or drum based video game, with the exception of any video game that, through documentary evidence, is shown to have been independently developed without the developmental involvement of John Tam, Corey Fong, Jamie Yang, Reverb Communications and/or Doug Kennedy;

5.  Using, disclosing, transferring, distributing or reproducing any Activision Proprietary Information and any materials or information derived therefrom, including but not limited to, using it in connection with developing a music or rhythm based game, or in starting a

LAI-2889937v2

- 5 -

[PROPOSED] CONSENT JUDGMENT AND
PERMANENT INJUNCTION AS TO KENNEDY AND
REVERB COMMUNICATIONS, INC.

company, said Activision Proprietary Information including but not limited to:

- Financial information related to the Guitar Hero™ franchise, including but not limited to, profit and loss information, cost information, expenses, contract terms, sales numbers and forecasts, information contained in the Guitar Hero II™ Budget Summary, information contained in the Guitar Hero II™ North American Xbox 360™ Strategy PowerPoint, information contained in the Variable Sales & Marketing spreadsheet,
- Marketing information related to the Guitar Hero™ franchise, including but not limited to marketing partners, contract terms, marketing categories, information contained in the Guitar Hero™ franchise plans, and identified growth areas for the Guitar Hero™ franchise,
- Product information related to the Guitar Hero™ franchise, including but not limited to product design, such as the design for the Guitar Hero II™ Xbox 360™ controller design, future product ideas and designs,
- Profit and loss statements developed by the Former Employees which were derived from Guitar Hero™ financial information, including such statements developed for Hourglass Interactive and/or Lodestone Entertainment,
- Information related to music licensing and in game advertising for the Guitar Hero™ franchise, including but not limited to contract terms, identities of possible future songs and artists to include, and
- Vendor information related to the Guitar Hero™ franchise, including but not limited to vendor identities and contact lists, vendor pricing, and vendor contract terms;

LAI-2889937v2

- 6 -

[PROPOSED] CONSENT JUDGMENT AND PERMANENT INJUNCTION AS TO KENNEDY AND REVERB COMMUNICATIONS, INC.

6. Disclosing, transferring, distributing, reproducing or using any of the business plans developed by the Former Employees or otherwise derived from those individuals for The Ant Commandos or for the business venture referred to variously as Hourglass Interactive and Lodestone Entertainment;

7. Soliciting Activision employees for a period of one year;

8. Taking any steps to develop, market, manufacture, sell or distribute any of the confidential peripheral devices disclosed in Confidential Appendix A to the confidential Settlement Agreement until six months after Activision commercially releases such a device;

9. Soliciting any of the Activision partners and growth areas identified in Confidential Appendix B to the confidential Settlement Agreement, except as qualified therein, for a period of one (1) year;

10. Soliciting any of the manufacturing vendors identified in Confidential Appendix C to the confidential Settlement Agreement for a period of one (1) year; and

11. As to Defendant Kennedy only, working in an individual or any other capacity in connection with the videogame entitled Rock Band or any sequels, versions, or extensions thereof until January 1, 2008.

C. Defendants shall, within five (5) days of entry of this Consent Judgment and Permanent Injunction, deliver the documents and things listed below in their possession, custody or control and shall file a written certification with the Court stating that they have done so and have not retained any such documents and things or any copies, electronic or otherwise, of such things:

1. All Activision property, including but not limited to documents, files, materials and things containing or derived from Activision Proprietary Information and/or that Defendants acquired, received,

           and/or developed from or with the Former Employees having anything to do with the video game business; and

    2.   All documents, files, materials and things related to the business venture Hourglass Interactive and/or Lodestone Entertainment and/or otherwise related to any communications with or involving the Former Employees, Hong Lip Yow, Raymond Yow, The Ant Commandos, Inc. and/or any third party with whom you communicated related to the business venture Hourglass Interactive and/or Lodestone Entertainment.

D.   Service by mail upon the counsel of record of a copy of this Consent Judgment and Permanent Injunction entered by the Court is deemed sufficient notice to Defendants under Rule 65(d) of the Federal Rules of Civil Procedure. It shall not be necessary for any Defendant to sign any form of acknowledgement of service.

E.   Except as otherwise provided for in the Settlement Agreement, the parties shall bear their own attorneys' fees and costs.

**IT IS SO ORDERED.**

September 13, 2007

Dated: ~~August ___, 2007~~     By: 

Hon.
United States Magistrate Judge

APPROVED AS TO FORM AND CONTENT:

Dated: August ___, 2007           JONES DAY


                                   By: _____
                                       Michael A. Tomasulo

                                   Attorneys for Plaintiff
                                   ACTIVISION PUBLISHING, INC.


Dated: September 4, 2007          SWEENEY, MASON, WILSON &
                                  BOSOMWORTH


                                   By: _____
                                       Kurt E. Wilson
                                       Trevor J. Zink

                                   Attorneys for Defendants
                                   DOUG KENNEDY AND REVERB
                                   COMMUNICATIONS, INC.

LAI-2889937v2
                                   - 9 -

APPROVED AS TO FORM AND CONTENT:

Dated: September 11, 2007            JONES DAY

                                     By: /s/ Michael A. Tomasulo
                                         Michael A. Tomasulo

                                     Attorneys for Plaintiff
                                     ACTIVISION PUBLISHING, INC.

Dated: August ___, 2007              SWEENEY, MASON, WILSON &
                                     BOSOMWORTH


                                     By: _____
                                         Kurt E. Wilson

                                     Attorneys for Defendants
                                     DOUG KENNEDY AND REVERB
                                     COMMUNICATIONS, INC.

LAI-2889937v2

- 9 -

[PROPOSED] CONSENT JUDGMENT AND
PERMANENT INJUNCTION AS TO KENNEDY AND
REVERB COMMUNICATIONS, INC.

# EXHIBIT 1



Screen Shot from
Tam Demo

EXHIBIT PAGE



Screen Shot from
Tam Demo

EXHIBIT PAGE



Screen Shot from
Tam Demo

EXHIBIT       PAGE



Screen Shot from
Tam Demo

EXHIBIT ___ PAGE ___



Screen Shot from
Tam Demo

EXHIBIT __ PAGE __



Screen Shot from
Tam Demo

EXHIBIT PAGE



Screen Shot from
Tam Demo

EXHIBIT PAGE