SHUAI & ASSOCIATES
Attorneys At Law
301 E. Colorado Blvd., Suite 514
Pasadena, CA 91101

Tel: (626) 405-0348
E-mail: Yhshuai@gmail.com

Fax:(626) 405-0890
(626) 795-8900

September 13, 2007

Hon. Maria-Elen James
Courtroom B, 15th Floor
U. S. District Court
450 Golden Gate Ave.
San Francisco, CA 94102

Re:   *Activision Publishing, Inc. Vs. John Tam, et al.*
      Case No. C07-03536 MEJ

Dear Hon. James:

On or about July 16, 2007, my clients, John Tam, Corey Fong and Jamie Yang, filed a joint motion for good faith settlement determination. Said motion was opposed by both TAC defendants and Reverb defendants. At about the same time, TAC defendants also filed a motion for good faith settlement determination, and said motion was opposed by Reverb defendants only. On or about August 20, 2007, the Court denied both motion primarily on the ground that the Reverb defendants had not settled with Activision.

Immediately after I heard that the Reverb defendants reached a settlement with Activision and on or about September 9, 2007, I prepared a motion for good faith settlement determination on behalf of Jamie Yang. However, I withheld from filing it because I was informed by Activision that the settlement between the Reverb defendants and Activision fell apart. On September 12, 2007, after realizing that the Reverb defendants and Activision had finally settled, I was ready to file Jamie Yang's motion. However, my secretary talked to the Court Clerk Chris Nathan and was told that such motions for good faith settlement determination were unnecessary. I then followed the instruction of Mr. Nathan and withdrew the motion originally set on October 18, 2007.

However, the counsel for TAC defendants again sent email to me trying to negotiate for a settlement with John Tam and Corey Fong, making me feel that, without a court ordered good faith settlement determination, my clients are still living in the fear that the TAC defendants will carry through their threat of seeking indemnity action against them. Therefore, I now intend to file one motion for Jamie Yang and another for John Tam and Corey Fong. However, if the file

Hon. Maria-Elen James
September 13, 2007
Page 2

of this case is closed, I don't know if I can file the motions now.

My understanding from talking to the Court Clerk Mr. Nathan this morning is that it might be the intention of the Court that no motion for good faith settlement determination is necessary from any defendant since all of the defendants have settled with Activision. However, I would like to get a clarification from the Court as to that. If it is not the intention of the Court, I request that the Court reopen the case so that my clients can file the motions for good faith settlement determination.

I look forward to hearing from you.

Very truly yours,

Yee-Horn Shuai

cc:   Mr. Michael A. Tomaulo, Jones Day (via email)
      Kurt E. Wilson, Sweeney, Mason, Wilson & Bosomworth (via email)
      Michael A. Oswald, Oswald & Yap (via email)

YHS/fs/091307/106801 Ltr Court 02.wpd